14539.  INSURANCE COMPANY OF NORTH AMERICA v. SAMUELS.

BELL, J.  1.  If a policy of insurance is capable of being construed in different ways, that interpretation must be placed upon it which is most favorable to the insured.  *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (2) (30 S. E. 918, 42 L. R. A. 261).  An exception in a policy of insurance is to be taken most strongly against the insurer.  *Empire Life Insurance Co.* v. *Einstein,* 12 *Ga. App.* 380 (4) (77 S. E. 209).

2.  A policy of insurance against loss by theft, pilferage, or larceny of personal effects such as "wearing apparel, bedding, linens, plate and plated ware, printed books and music, photographs and their frames, musical and scientific instruments, photographic apparatus and supplies, toys and games, sportsmen's implements, toilet articles, baby carriages, canes, parasols, umbrellas, clocks, watches, jewelry, trunks, suit cases, bags and other receptacles of travel; the property of the assured or any member of the assured's household, excluding employees, boarders and guests," "wherever the property may be (except in the permanent residence of the assured, or in storage, or in any place where assured or any member of the assured's household ordinarily keeps an automobile)," "within and or in transit the United States and countries in the world," and providing further that "this policy shall not cover household furniture conveyances and their appurtenances, salesmen's samples, merchandise for sale or exhibition, theatrical wardrobe, theatrical properties and appurtenances, accounts, bills, currency, deeds, evidences of debt, moneys, notes, securities nor any property specifically or otherwise insured," will not be construed so as to limit the insurance to "baggage," nor to losses while the insured is "touring," though the policy is entitled a "Tourist Baggage Policy," there being no stipulation elsewhere in the policy which expressly or by necessary implication would so limit its provisions.  In ascertaining the meaning of the contract, the things expressly included as well as those expressly excluded may be considered.

(a)  Such a policy as to travel will include protection against loss by theft of a diamond pin worn upon the person of the insured while riding in his automobile in the driveway leading from the street to his garage (and before reaching the garage) situated at the rear end of the lot where he was living, without reference to whether he was "touring" or returning from a "tour" at the time.

3.  While an averment in an action upon a policy of insurance, for the loss of a diamond pin, that as the plaintiff was driving his automobile at night into the driveway leading from the street to his garage on the lot where he lived "some man unknown to petitioner stopped petitioner, pointed a pistol at him and took from the person of petitioner the said diamond pin," would be technically insufficient as a charge of theft or larceny in a criminal accusation or indictment, it will imply, when fairly construed as a pleading in a civil case not specially demurred to, that the plaintiff's loss was occasioned by a robbery.  Penal Code (1910), § 148.

4.  Theft and larceny are synonymous.  Penal Code, §§ 151, 152.  A robbery whether by force or intimidation includes theft or larceny.  P. C.,

§ 148; *Sledge* v. *State*, 99 *Ga.* 684 (2) (26 S. E. 756). A loss by rob-
bery is a loss by theft or larceny (though the converse would not be
true), and is none the less so because in the offense of robbery there are
elements additional to those necessary to constitute theft or larceny.

5. In the construction of a contract the words used therein will generally
be accepted in their usual and common signification. Civil Code (1910),
§ 4268 (2). In construing a contract of insurance the intention of the
parties, as in other cases, must be sought for in accordance with the
true meaning and spirit in which the agreement was made and ex-
pressed in the written instrument, and the ordinary and legal meaning
of the words employed must be taken into consideration. *North British
&c. Insurance Co.* v. *Tye*, 1 *Ga. App.* 380 (1) (58 S. E. 110).

6. The word "residence," as used in the stipulation against liability for
loss of any of the property while "in the permanent residence of the
insured," accepted in its ordinary signification (as it should be, no
other intention of the parties appearing), implies the plaintiff's dwelling
or the house or building in which he lives or resides. See Webster's
Unabridged Dictionary. The provision of the Penal Code, § 146, in
reference to burglary, "that all outhouses contiguous to or within
the curtilage or protection of the mansion or dwelling house shall be
considered as parts of the same," or any legal definition of the word
"dwelling" as extending to the limits of the curtilage, attaches thereto
a special or technical meaning peculiar to the law, which should not
be applied in construing contracts, unless it is apparent that such was
the intention of the contracting parties. See *North British &c. Insur-
ance Co.* v. *Tye*, supra. It follows that under the averments of the
suit the loss did not occur in the plaintiff's residence nor in any of
the excepted places.

7. The petition sufficiently averred a loss by theft or larceny of property
included within the protection of the policy, at a place and under cir-
cumstances where the company would be liable. A cause of action is
set forth, and the court did not err in overruling the motion of the
defendant insurer to dismiss the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 27, 1923.

Action upon fire-insurance policy; from Fulton superior court
—Judge Ellis. March 7, 1923.

Application for certiorari was denied by the Supreme Court.

*Smith, Hammond & Smith,* for plaintiff in error.

*Branch & Howard,* contra.