## 23839.  INTER-OCEAN CASUALTY COMPANY *v.* ALFORD.

DECIDED DECEMBER 17, 1934. .

*Love & Fort,* for plaintiff in error.  *Joseph O. McGehee,* contra.

BROYLES, C. J.   S. M. Alford filed suit against the Inter-Ocean Casualty Company on an insurance policy, to recover certain sick benefits.   The defendant answered and the plaintiff demurred to the answer.   Plaintiff's demurrer was sustained, and to this judgment the defendant company excepted pendente lite and assigns error thereon in its bill of exceptions.   Thereafter the defendant company offered an amendment to its answer, which was allowed. The case was called for trial and testimony introduced only on the issue raised by the amendment, the defendant company assuming the burden of proof.   At the conclusion of the testimony the court sustained a motion to direct a verdict in favor of the plaintiff, and judgment was duly entered.   The defendant company assigns error on this judgment.

The petition alleged, in brief, that the policy sued on contained a monthly sickness benefit of $100; that petitioner is permanently and totally disabled by reason of illness; and that at the time of the filing of the suit the defendant company was due plaintiff the sum of $500.   A copy of the contract was attached to the petition as an exhibit.   The defendant company answered, in brief, that the policy provides for $100 per month sick disability benefit; but that it also provides, in section U of the policy, that the company has the option of paying two times the monthly indemnity "less sums previously paid to the insured for said disability, with a refund of unearned premiums, which shall release the company from further liability;" that it had tendered the plaintiff $200; and that "said amount is now in the hands of said clerk, is present in court, and is available to petitioner at any time he cares to claim the same." The demurrer to the answer alleged that section U of the policy "is inconsistent with and repugnant to the other conditions and sections contained in said policy of insurance, and attempts to nullify the general benefit provision of said contract, and because of such, said section U is inoperative and can not be relied on by defendant as a legal defense."   On the first page and in the beginning of the policy appears the following:

"Monthly Accident Indemnity      Monthly Sickness Indemnity
              $100.00                                    $100.00"

Under the head of "Total loss of time from sickness—house confinement," section G of the policy provides that "If the insured is totally disabled, necessarily and continuously confined in the home

and therein treated by a qualified physician or surgeon other than himself, at least once in seven days, . . indemnity will be paid from the first visit of the said physician at the rate specified on the first page hereof [$100 per month]." Section H provides for payment in case of "non-confinement sickness." Section L provides that the "contract is not cancellable by the company during the term for which it is originally issued, nor during any period of disability of the insured," except for fraud or misrepresentation (which is not claimed in the instant case). Section N, under the heading *"Premiums waived—permanent disability,"* provides that "if the insured shall be permanently and continuously disabled from performing any and every duty . . no further premiums will be required, and the insured will continue to draw benefits as herein provided." Section P is entitled *"Contract kept in force during disability."* The foregoing provisions show the true intent of the contracting parties, to wit, that payments to the insured should be made so long as disability continued. Section G provides that the insured shall receive $100 per month for total disability. There is no qualification, limitation or exception contained therein. It does not say "except as hereinafter provided," or anything equivalent thereto; and yet, remote from section G, we find section U providing something in direct conflict with section G and which, if given effect, would nullify section G, to wit: The company can release itself from further liability by paying the insured $200. In other words, section G provides that the company is liable for $100 per month as long as the insured is totally disabled, and section U provides that the company is bound for only $200 total liability. The latter section is inconsistent with and repugnant to the former section, and irreconcilable with the contract as a whole. The consideration paid by the insured is very material in determining the nature and extent of the indemnity and the intent of the contracting parties. The contract provided for an initial payment of $5 and in addition thereto $4.90 a month, making a total premium for the year of $63.80. There is no death benefit in the policy, and it is a matter of common knowledge that such a premium would be out of all reason for a total disability benefit of only $200, and that it is ample premium, according to custom and usage among insurance companies, to pay for a disability benefit of $100 per month.

While reasonable and consistent provisions of an insurance policy will not be disregarded by the courts, it is well settled that "in the construction of such policies, and such conditions and stipulations, the courts will look through the whole contract to the real intention of the parties at the time of the execution of the instrument, and give to it such construction as will impute to them a reasonable intendment, and such construction as will relieve against forfeitures, if that construction be consistent with the general intent expressed in the policy. Courts will presume, when policies of insurance are issued by insurance companies and they accept premiums paid therefor, that such policies are issued in good faith and with the design, upon the consideration received, to afford to the assured reasonable immunity in case of loss. If the condition be so repugnant to the stating clause of insurance as that both can not stand together, courts should disregard the condition, upon the idea that it will not be presumed that the insurance company issues a policy of insurance with an intention never to become liable thereon." *Clay* v. *Phœnix Ins. Co.*, 97 *Ga.* 44, 52 (25 S. E. 417). The policy in the instant case plainly stated at the beginning that it was a policy for "Monthly Sickness Indemnity—$100.00," and section G is in accord therewith; and the conditions provided in section U were so repugnant to this stating clause and section G, that both can not stand together. "It is a settled rule of construction that, if two clauses of a contract are repugnant and can not stand together, the first will stand and the last be rejected, and especially should the rule be applied where the later provision, if given effect, would in certain contingencies completely alter the principal terms of the agreement which has previously been clearly set out." Employers Liability Assurance Cor. *v.* Morrow, 143 Fed. 750 (2). "A proviso which is utterly repugnant to the body of the contract and irreconcilable with it, will be rejected." Jones *v.* Tenn. Casualty Co., 140 N. C. 262 (3) (52 S. E. 578, 5 L. R. A. (N. S.) 932, 111 Am. St. R. 843). The appellate courts of Georgia have repeatedly and consistently held that "If one provision of a policy is absolutely repugnant to another provision, the one most advantageous to the insured will be enforced, while the other provision will be ignored" (*Kesler* v. *Commercial Casualty Co.*, 39 *Ga. App.* 197, 201, 146 S. E. 506), that "If a policy of insurance is capable of being construed in two ways, that interpreta-

tion must be placed upon it which is most favorable to the insured" (*Mass. Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (2) 30 S. E. 918, 42 L. R. A. 261); that "policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice" (*Johnson* v. *Mutual Life Ins. Co.,* 154 *Ga.* 653, 115 S. E. 14; *Mandeville Mills* v. *Milan,* 39 *Ga. App.* 768, 771, 148 S. E. 418), and that "forfeitures are not favored in the law, and where there is legitimately a choice of constructions, that which will save the contract is rather to be preferred than that which will work a forfeiture." *Ætna Ins. Co.* v. *Lipsitz,* 130 *Ga.* 175 (60 S. E. 531, 14 Ann. Cas. 1070). The beginning of the policy, the policy as a whole, and section G specifically, and without qualification, limitation, or exception, provide for $100 per month for total disability. Section U in the latter part of the policy, is inconsistent with and repugnant to these previous provisions, and, if given effect, would defeat the object to be accomplished by the insurance contract. The court properly sustained the demurrer to the answer.

The defendant's amendment to its answer set up that it issued a check for $14.70 marked "In full payment, satisfaction, discharge, and release of any and all claims which payee" might have under the policy in question; and that the acceptance and cashing of the check released defendant from all liability. The position of the defendant company seems to be that the plaintiff refused the $200 tendered to him and tendered in court, and preferred to accept $14.70 in settlement of the claim. In the first place the check provided that the "payee" released all claims; and the plaintiff was not the payee. Mrs. S. M. Alford cashed the check, and the check was payable to her, and not to her husband, the insured, and not to her as agent for him. In the second place the check showed on its face that it was not in settlement of the claim but was a refund of three premiums which Mrs. Alford had paid the defendant company after her husband, the insured, became disabled, and which, under the policy, admittedly were not due. On the face of the check appears: "Ref'd. Prem. $14.70." And on the back of the check above Mrs. Alford's endorsement is the following: "Refund of premium paid for April, May, and June, 1932, on policy

No. 101046 to S. M. Alford." The policy provided that in case of permanent and continuous disability "no further premiums would be required, and the insured will continue to draw benefits as herein provided." Mrs. Alford, a witness put up by the insurance company, testified: "The check represents the amount I paid as premiums. The check is a refund to me of the premiums I paid." A letter introduced in evidence, from the insurance company to the plaintiff, also showed that the check for "$14.70 covered premiums for April, May, and June, 1932." There could be no doubt that the check for $14.70 was for return premiums, and was not in settlement of the claim for which suit was brought. The affirmative defense alleged in the amendment to the answer was not sustained by proof, and, under the evidence adduced, the court properly directed a verdict for the plaintiff.

Judgment affirmed. MacIntyre and Guerry, JJ., concur.