30691. ROBINSON *v.* WASHINGTON NATIONAL INSURANCE COMPANY.

DECIDED JANUARY 18, 1945.

*William F. Buchanan, Mary J. Payne,* for plaintiff.
*J. F. Kemp, J. D. Tindall,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The question presented for determination will be controlled by a construction of the policy sued on. In construing contracts, "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construc-

tion." Code, § 20-702. "The contract of insurance should be construed so as to carry out the true intention of the parties." § 56-815. It was said by this court in *Great American Indemnity Co.* v. *Southern Feed Stores,* 51 *Ga. App.* 591 (181 S. E. 115): "While a policy of insurance is to be construed liberally in favor of the object to be accomplished, and its provisions will be strictly construed against the insurance company, and where it is susceptible of two constructions, that construction will be adopted that is most favorable to the insured, yet a contract of insurance should be so construed as to carry out the true intention of the parties, and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a resonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." See *Quillian* v. *Equitable Life Assurance Society,* 61 *Ga. App.* 138 (6 S. E. 2d, 108); *Morris Plan Bank* v. *Ginn,* 56 *Ga. App.* 681 (193 S. E. 783); *Fisher* v. *American Casualty Co.,* 194 *Ga.* 157 (21 S. E. 2d, 68); *Marbut* v. *Empire Life Insurance Co.,* 143 *Ga.* 654 (b) (85 S. E. 834). The policy in the present case plainly provides that the company insures the insured, "subject to all the conditions and limitations hereinafter contained." Then in separate paragraphs with headings in capital letters, from A to G, it specifically sets out the coverage of the policy, and then in paragraph H it plainly and specifically states what it does not cover. The terms of the contract are plain and unambiguous and can not be enlarged or extended by construction so as to include the coverage of a risk specifically exempted by the provisions of the policy. The petition sought a recovery for the death of the insured caused by an accidental pistol or gunshot wound, and the policy specifically provides in paragraph H that "no benefits will be paid for disability or death resulting . . directly or indirectly . . from gunshot wounds." The provisions of the policies in the cases of *Muse* v. *Interstate Life & Accident Co.,* 45 *Ga. App.* 839 (166 S. E. 219), and *Dorsey* v. *Washington Fidelity &c. Ins. Co.,* 50 *Ga. App.* 149 (177 S. E. 264), were almost identical with the terms of the policy here involved, and it was held in each one of those cases

that the beneficiary could not recover where the death or disability of the insured was caused by gunshot wounds. The two cases just mentioned are applicable and controlling in the present case.

The plaintiff in error contends that paragraph H is in conflict with and repugnant to paragraph C of the policy ·here involved, and the case of *Inter-Ocean Casualty Co.* v. *Alford,* 50 *Ga. App.* 260 (177 S. E. 816), is cited and relied upon to sustain that contention. The *Alford* case is distinguishable on its facts from the present case, as the provisions of the policy in that case are entirely different from the terms of the policy in this case. Section G of the policy in the *Alford* case provided that the company was liable for $100 per month as long as the insured was totally disabled, and section U provided that the company was bound for only $200 total disability, and the court held that as the latter clause was repugnant to the former, the former would be held valid and the latter rejected. But the insurance policy here involved covered certain risks and excluded others, and its provisions, as contained in paragraphs C and H, are not repugnant to each other. The insured's death was caused by a gunshot wound, which was specifically excluded from the coverage of the policy. In other words, the insurance company assumed no liability for· the risk declared upon. Consequently, the petition failed to set out a cause of action, and the court did not err in sustaining the general demurrer and dismissing the action.·

*Judgment affirmed. Felton and Parker, JJ., concur.*