31655.  AMERICAN CASUALTY COMPANY *v.* CALLAWAY.

Decided September 6, 1947.  Rehearing denied October 3, 1947.

Matthews, Owens & Maddox, for plaintiff in error.

Mitchell & Mitchell, W. H. Bolling, contra.

PARKER, J. The general grounds of the motion for new trial, and the three special grounds included in the amendment thereto, present but two questions for our decision. Did the court correctly hold that the semi-trailer truck of the plaintiff, the truck which had the collision with Mrs. Smith's car, was covered by the policy of indemnity insurance issued by the defendant to the plaintiff; and, if so, was the defendant liable for reasonable attorney's fees because of bad faith in declining to recognize its liability? We will consider these questions in their proper order.

■ "The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." Code, § 20-701. We think it was the duty of the court to construe the contract of insurance in this case. In so doing the court had to consider two provisions of the policy. Under the head of "Insuring Agreements" is this paragraph: "IV. Automobile defined, trailers, two or more automobiles. Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semi-trailer described in this policy. The word 'trailer' shall include semi-trailer." Under the head of "Exclusions" is this provision: "This policy does not apply: . . (c) under coverages A [relating to bodily injury liability] and B [relating to property damage liability], while the automobile is used for the towing of

any trailer owned or hired by the named insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the named insured and not covered by like insurance in the company." The plaintiff relies upon the first of these quoted provisions to sustain his contentions that the truck involved in the collision with Mrs. Smith's car was covered by the insurance, and the defendant relies upon the latter provision to sustain its contentions that said truck was not covered by the policy.

Certain well-known rules of construction are applicable to the contract under consideration. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code, § 20-702. "The intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning." § 20-703. In applying these rules to this case it should be remembered that the plaintiff testified, and his testimony was not contradicted, that the agent writing the insurance saw the two trucks the plaintiff intended to insure, one of which was a semi-trailer truck, and the same truck that was involved in the collision with Mrs. Smith's car. This evidence, which must be taken as true in the absence of a denial by the defendant, indicates clearly that the intention of the plaintiff was to insure the semi-trailer truck, and that this intention was known to the company through its agent who saw both trucks and took their motor numbers which were inserted in the policy. The company makes the point here that the evidence did not show that Mr. Henderson was the agent of the company, but we think this was inferable from the testimony showing that Mr. Henderson was the only person with whom the plaintiff dealt in purchasing the insurance, and that the policy issued by the company was delivered about ten days thereafter to the plaintiff.

Other rules of interpretation to be applied to the construction of contracts include the following: "If the construction is doubtful, that which goes most strongly against the party executing the

instrument, or undertaking the obligation, is generally to ·be preferred." Code, § 20-704(5). "If any doubt should exist in regard to the construction of the contract of insurance, the doubt should be resolved in favor of the insured, and the policy should be liberally construed in favor of the validity of the contract and against the insurance company." *Mutual Life Insurance Co.* v. *Durden,* 9 *Ga. App.* 797(10) (72 S. E. 295). This case states the general rule that if the policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. See also *Johnson* v. *Mutual Life Insurance Co.,* 154 *Ga.* 653 (115 S. E. 14), and citations therein. In construing insurance contracts, "any exception in a policy of insurance altering the terms of general liability is to be taken and construed most strongly against the insurer." *Atlas Assurance Co.* v. *Lies,* 70 *Ga. App.* 162, 165 (27 S. E. 2d, 791). Under the foregoing rules of construction and interpretation, as applied to the contract in this case, we think the court was right in holding as a matter of law, under the facts as they appeared upon the trial, that the semi-trailer truck in question was covered by the policy, and in directing .the jury to find a verdict for the plaintiff as to the principal amount for which he sued.

■ As to the question of attorney's fees, our law provides that they may be recovered, in a reasonable amount, in an action against an insurance company refusing to pay a loss, where "it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." Code, § 56-706. The record shows that the plaintiff, through his attorneys, in letters to the defendant and its attorneys, called the attention of the defendant to the specific provisions of its policy under which it was liable to the plaintiff. The defendant was necessarily familiar with all the terms of its policy, and it is inferable that it knew the circumstances surrounding the writing of the policy, including the fact that its agent saw the trucks and knew exactly the types of vehicles the policy was intended to cover, and the particular trucks the plaintiff intended to insure. "Bad faith," within the meaning of the law, is not the equivalent of actual fraud, but is "any frivolous or unfounded refusal in law or in fact" to pay according to the insurance contract, after a

804

proper demand. See *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446, 466 (58 S. E. 93), and *Metropolitan Insurance Co.* v. *Lovett,* 50 *Ga. App.* 763, 768 (179 S. E. 253). "Bad faith is usually a jury question." *Liberty Mutual Insurance Co.* v. *A. C. L. R. Co.,* 66 *Ga. App.* 826, 834 (19 S. E. 2d, 377). We think that whether or not the action of the defendant, in refusing to recognize its liability, was or was not in bad faith, under the facts of this case, was a question decidable solely by the jury. The court properly submitted that question to the jury, and we can not say as a matter of law that its finding was not authorized.

■ One other question made by the bill of exceptions relates to the overruling by the court of a general demurrer to the petition of the plaintiff, to which exceptions pendente lite were filed. The question raised by the demurrer was whether the petition showed on its face that the semi-trailer truck was covered by the insurance policy. For the reasons stated in the first division of this opinion the court did not err in overruling the demurrer and the exceptions to that ruling are without merit.

■ The evidence supported the verdict as directed by the court, and for attorney's fees as found by the jury, and the court was right in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*