JAMES F. ORREN v. IOWA MUTUAL LIABILITY INSURANCE COMPANY.

(Filed 21 September, 1949.)

**Insurance § 60—**

> The findings of the trial court that the diamond ring in question was property pertaining to the business or profession of insured and was also an article carried or held for sale, or for delivery after sale, by insured, *held* sustained by the record and to support judgment that its loss by theft was not covered by a residence and outside theft policy.

APPEAL by plaintiff from *Sink, J.,* at May Term, 1949, of ROCKING-HAM. Affirmed.

Civil action to recover on a residence and outside theft policy.

The parties waived trial by jury and agreed that the judge should find the facts and render judgment upon the facts found. They then stipulated all the evidentiary facts, leaving only the ultimate fact or conclusion for the judge to determine. The judge thereupon found and concluded that the diamond ring in question was "property pertaining to the business or profession of the plaintiff and was also an article carried or held for sale or for delivery after sale by the plaintiff" and rendered judgment for defendant. Plaintiff excepted and appealed.

*Scurry & McMichael for plaintiff, appellant.*
*Welch Jordan for defendant, appellee.*

PER CURIAM. The determinate question at issue herein is as to whether the diamond ring was possessed by plaintiff or a member of his family for personal use or as a business asset held for sale. If a business asset, its loss by theft was not insured. The findings and conclusion of the judge in respect thereto were adverse to plaintiff. They are fully sustained by the record. Hence the judgment entered must be

Affirmed.