36265. PILOT LIFE INSURANCE COMPANY *v.* MORGAN, Guardian, etc.

Decided September 24, 1956.

*William F. Braziel, George W. Williams, Bouhan, Lawrence, Williams & Levy,* for plaintiff in error.

*Alton D. Kitchings,* contra.

CARLISLE, J. It is admitted by counsel for the defendant that the accident occurred at a time and in a manner, which under the terms of the policy, would impose liability upon the defendant for the medical and hospital expenses incident to the repair of the hernia sustained by the plaintiff's son were it not for the exclusion provisions contained in the policy.

The only issue presented for determination is whether, as a

matter of law, the policy of insurance, properly construed, covers the medical and hospital expenses necessitated by the accident. Counsel for the defendant contend that the expenses sought to be recovered were caused by the hernia which the plaintiff's son sustained as the result of an insurable accidental injury, and the expenses occasioned by hernia are, by the terms of the policy excluded. Counsel for the plaintiff contends on the other hand that the expenses were occasioned by an insurable accidental injury, were not caused by the hernia, and that the hernia was only one of the incidents of the insurable accidental injury.

The words used in policies of insurance, as in all other contracts, bear their usual and common significance (Code § 20-704 (2)), and policies of insurance are, as all other contracts, to be construed in their ordinary meaning. "In construing contracts, 'The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction.' Code, § 20-702. 'The contract of insurance should be construed so as to carry out the true intention of the parties.' § 56-815. It was said by this court in *Great American Indemnity Co.* v. *Southern Feed Stores*, 51 *Ga. App.* 591 (181 S. E. 115): 'While a policy of insurance is to be construed liberally in favor of the object to be accomplished, and its provisions will be strictly construed against the insurance company, and where it is susceptible of two constructions, that construction will be adopted that is most favorable to the insured, yet a contract of insurance should be so construed as to carry out the true intention of the parties, and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made.' See *Quillian* v. *Equitable Life Assurance Society*, 61 *Ga. App.* 138 (6 S. E. 2d 108); *Morris Plan Bank* v. *Ginn*, 56 *Ga. App.* 681 (193 S. E. 783); *Fisher* v. *American Casualty Co.*, 194 *Ga.* 157 (21 S. E. 2d 68); *Marbut* v. *Empire Life Insurance Co.*,

143 *Ga.* 654 (b) (85 S. E. 834.)" *Robinson* v. *Washington National Ins. Co.,* 72 *Ga. App.* 19 (32 S. E. 2d 855). These rules of construction are rather cogently summarized by the supreme court of one of our sister States in a case involving a policy of insurance containing almost the same language as the policy under consideration as follows: "It is the function of the court to construe a contract of insurance as it is written, and the court by construction cannot create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Miller v.* World Insurance Co., 76 Idaho 355 (283 Pac. 2d 581).

We think the contract of insurance is unambiguous and subject only to the construction implied by the policy. Under the "exclusions" clause of the policy, "No payment of any kind shall be made for injury, death or any other loss caused, wholly or partly, directly or indirectly, by . . . hernia of any kind, *however caused.*" This language is clear. The medical expenses covered by the policy under the general insurance agreements are such as result from an insurable accidental injury. The injury sustained by the plaintiff's son was such an injury under the general insurance agreements. He was accidentally struck in the stomach and injured by a fellow student while playing touch football at school. However, losses caused, wholly or partly, directly or indirectly, by hernia, *however caused,* are, by the exclusions clause, removed from the general insurance agreements. The hernia sustained by the plaintiff's son was caused by his accidental injury, but the expenses sought to be recovered were occasioned by the hernia—the petition reveals no expenses save those occasioned in repairing the hernia—and those expenses are not covered by the terms of the policy, for, by the exclusions clause, it is provided that losses caused by hernia are not compensable *"however"* the hernia was caused. The expenses sought to be recovered, consequently, come within the terms of the exclusions clause and not within the terms of the general insurance agreements even though the hernia was occasioned by an insurable accidental injury, for it matters not how the hernia was caused, no payment is to be paid for losses caused, "wholly or partly, directly or indirectly, by hernia."

The line of cases, exemplified by *Atlanta Accident Association* v. *Alexander,* 104 *Ga.* 709 (2) (30 S. E. 939, 42 L. R. A. 188), upon which the plaintiff relies, are distinguishable from the present case on the basis of the language in which the exclusion clause in those cases was couched.

In *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121, 126 (42 S. E. 287, 94 Am. St. R. 99), a case following the *Alexander* case, the Supreme Court said: "Accident policies generally contain a clause, the purpose of which is to relieve the insurer from responsibility in case of death or disability of the insured from disease. The language of this clause is not the same in all policies, and the determination of the question whether under such a clause the company is relieved in a particular case, depends upon the exact language in which the exception [exclusion] is couched."

The plain import of the language of the exclusion clause of the policy presently under consideration is that the policy is not to insure against injuries resulting from disease, *nor* injuries resulting in hernia or as the result of hernia. The phrase, *"hernia, however caused,"* can have no other reasonable import, as the phrase, *"however caused,"* is to our minds all inclusive. The word "however" used in this context in the exclusion clause bears its usual and ordinary meaning, and is defined by every reputable dictionary to mean "in whatever manner, way, or state; by whatever means."

The expenses sought to be recovered by the plaintiff are not covered by the terms of the policy, construed as an entire contract, and the trial court, consequently, erred in overruling the defendant's general demurrer thereto.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*