41296.   BROWN v. CHRYSLER CORPORATION.

ARGUED MAY 5, 1965—DECIDED JUNE 25, 1965.

*Robert R. Tisdale, Thomas H. Antonion,* for plaintiff in error. *Alston, Miller & Gaines, John R. Crenshaw, L. T. Whitaker,* contra.

BELL, Presiding Judge. The only issue in this case is the applicability of an Act of 1957 (Ga. L. 1957, p. 405; *Code Ann.* § 96-307; repealed by Ga. L. 1962, pp. 156, 427) providing for a manufacturer's implied warranty to the ultimate consumer of personal property sold as new personal property.

Plaintiff contends that since the manufacturer's express warranty and the dealer's express warranty both incorporate the provision "this warranty being expressly in lieu of all other warranties expressed or implied and of all the other obligations or liabilities on its part," the two warranties cancel out each other and that the manufacturer's express warranty is therefore ineffective to exclude the implied warranty under the Act of 1957.

The argument is not persuasive.

A contract must be given a reasonable construction which will uphold and enforce the instrument, if possible, rather than a construction which would render it meaningless and ineffective or which would lead to an absurd result. See *Code* § 20-704 (4); *Blanchard &c. Realty Co. v. Fogel,* 207 Ga. 602, 607, 609 (63 SE2d 382); *Central Georgia &c. Corp. v. Georgia Power Co.,* 217 Ga. 171, 173 (121 SE2d 644). The proviso in question here clearly refers only to such other warranties as might be made by the same party.

The Act of 1957 expressly states that the implied warranty should attach "provided there is no express covenant of warranty and no agreement to the contrary." This statute, being in derogation of common law, must be strictly construed. *Revlon, Inc. v. Murdock,* 103 Ga. App. 842, 845 (120 SE2d 912).

24

See *Foster v. Vickery*, 202 Ga. 55, 60 (42 SE2d 117) and citations. Here the manufacturer's express warranty of the subject matter of the sale and the express disclaimer of warranty were effective to preclude an implication of warranty under the provisions of the Act of 1957. See *Diamond Alkali Co. v. Godwin*, 100 Ga. App. 799, 800 (2) (112 SE2d 365).

Plaintiff's petition stated no cause of action. The trial court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Frankum and Hall, JJ., concur.*