42490. AMERICAN MOTORISTS INSURANCE
COMPANY v. VERMONT.

SUBMITTED JANUARY 5, 1967—DECIDED APRIL 27, 1967.

*Swift, Currie, McGhee & Hiers, Robert S. Harkey*, for appellant.

*Hatcher, Meyerson, Oxford & Irvin, G. Clyde Dekle, Paul E. Pressley*, for appellee.

BELL, Presiding Judge. Plaintiff contends that the phrase "articles carried or held as samples or for sale" means "property owned or used by the insured of a commercial nature in the conduct of his trade, occupation, or business." We reject this construction.

While it is the general rule that ambiguities in an insurance contract must be construed most favorably to the insured, this rule has no application when the contract is unambiguous. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167, 169 (60 SE2d 353). Where the terms of an insurance policy are plain and unambiguous, the courts have no right to enlarge the contract or to make it more beneficial by construction, but must carry out the intention of the parties as expressed by the literal terms of the

policy taken in their usual and ordinary meaning. *Golden v. National Life &c. Ins. Co.*, 189 Ga. 79, 87 (5 SE2d 198, 125 ALR 838); *Prudential Ins. Co. v. Kellar*, 213 Ga. 453, 458 (99 SE2d 823); *Fokes v. Interstate Life &c. Ins. Co.*, 59 Ga. App. 680, 681 (2 SE2d 170); *Robinson v. Washington Nat. Ins. Co.*, 72 Ga. App. 19, 21 (32 SE2d 855); *Southern Indem. Co. v. Young*, 102 Ga. App. 914 (1) (117 SE2d 882).

An exclusionary clause similar to the one in this case was enforced literally in Gross v. Globe & Rutgers Fire Ins. Co., 142 Misc. 918 (256 NYC 570). See Orren v. Iowa Mut. Liability Ins. Co., 230 N.C. 618 (54 SE2d 927); Ann. 80 ALR2d 1289. Our research discloses no authority to the contrary, and plaintiff cites none.

If plaintiff was coincidentally trying to sell the diamond while utilizing it for its usual purpose of adornment, it would be an issue of fact whether the article was held for sale or primarily for another purpose. But where plaintiff was trying to sell the article and maintained no other purpose for it, it came within the exclusionary provision of the policy as a matter of law, irrespective of whether it was in any way related to plaintiff's usual occupation or business.

The trial court erred in overruling general demurrers to the petition.

*Judgment reversed. Jordan and Pannell, JJ., concur.*