## 44798. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. COLEMAN.

DEEN, Judge. The plaintiff sued to recover expenses for medical services under an insurance policy. A stipulation of the parties recited in the trial court's pre-trial order states that plaintiff's wife was killed in a collision while a passenger in her adult son's car. The son lived with his parents, but his car was not listed on his father's policy. Plaintiff sued for benefits under Part II of his policy with defendant which undertook to pay for medical and funeral expenses resulting from bodily injury to the named insured or his spouse while occupying an automobile. Defendant refused to pay the claim because of an exclusion in the policy. The defendant filed a motion to dismiss the complaint and upon the above

stipulation the trial court ruled as a matter of law that the claim did not fall within the policy exclusion. The court then heard evidence on three questions of fact and rendered judgment for the plaintiff. The defendant appeals, contending that this is contrary to law for the reason that under a proper construction of the policy judgment is demanded in its favor.

The clause in question reads: "This policy does not apply . . . to bodily injury (b) sustained by the *named insured* or a relative (1) while *occupying an automobile owned by* or furnished for the regular use of either the named insured or *any relative,* other than the automobile described herein or its replacement." (Emphasis supplied.) By definitions contained in the policy the plaintiff's wife, as well as himself, was a named insured. A relative as defined in the policy "means a relative of the named insured who is a resident of the same household, *provided neither such relative nor his spouse owns* a private passenger automobile." (Emphasis supplied.) It is undisputed that the car in which the decedent was riding belonged to her son; therefore, under the precise terms of the definition the son was not a relative. That such definition and all its parts constituted words of art intentionally placed in the policy by the insurer is further indicated by the fact that in another part of the policy, where the insured did not wish to limit the word *relative* to a relative *who did not own an automobile,* the language of Exclusion (m) of Part I of the policy is worded "a person who is related to the insured and is a resident of the same household." Had the company wished to include all relatives living in the household in the exclusion here dealt with, it could have used the language as it appears in Part I, and the fact that the company made its own definition (a relative living in the household who does not own an automobile) applicable to Part II sufficiently indicates its intention not to exclude, under the medical payments clause, payments to an insured because of injuries received in the automobile of an owner-relative, regardless of whether he did or did not live in the household. Any other construction amounts to rewriting the policy in favor of the insurer, and making a new contract for the parties, which cannot be done. *Pilot Life Ins. Co. v. Morgan,* 94 Ga. App. 394, 399 (94 SE2d 765). Furthermore, provisions of the policy, if susceptible of more than one mean-

ing, must be construed liberally in favor of the insured. *North British &c. Ins. Co. v. Mercer*, 211 Ga. 161 (84 SE2d 570). If the terms are unambiguous, the court must declare the contract as made by the parties. *Genone v. Citizens Ins. Co.*, 207 Ga. 83 (60 SE2d 125). Exceptions and exclusions also must always be taken most strongly against the insurer. *Insurance Co. of N. A. v. Samuels*, 31 Ga. App. 258 (120 SE 444); *American Cas. Co. v. Callaway*, 75 Ga. App. 799 (44 SE2d 400).

Since the decedent, as to the medical expense clause of the automobile insurance policy, is not barred by the exclusionary clause, the judgment in favor of the plaintiff was without error.

*Judgment affirmed. Bell, C. J., Quillian, Whitman and Evans, JJ., concur. Pannell, J., concurs specially. Jordan, P. J., Hall, P. J., and Eberhardt, J., dissent.*

SUBMITTED OCTOBER 8, 1969—DECIDED MARCH 12, 1970— REHEARING DENIED MARCH 27, 1970—

*Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe*, for appellant.

*Nat O. Carter*, for appellee.

PANNELL, Judge, concurring specially. In view of the facts disclosed by the record (but not disclosed by, or erroneously stated in, the majority opinion) and upon consideration of the principles of law applicable thereto, it is my opinion that no question is presented to this court for review, particularly the question passed upon by the majority. And even if such question is presented, the law of the case should be applied rather than an independent decision of this court construing the policy. There is no transcript of evidence of the trial of the case. There is no stipulation of facts in the record for the trial of the case, nor was any stipulation for the trial considered by the trial judge. There is no enumeration of error which can be passed upon by this court. There was no pre-trial order, but only an interlocutory order denying a motion to strike which had been converted into a motion for summary judgment.

There were two judgments rendered in the case. On Febru-

ary 14, 1969, the trial judge entered the following order and judgment: *"For the purposes of defendant's motion to dismiss,* in addition to the court's consideration of the pleadings, it is stipulated by counsel that at all times and places alleged in the plaintiff's petition the plaintiff's wife was a gratuitous guest passenger in an automobile owned and operated by the son of the plaintiff and the deceased, and that the son was a self-supporting adult who lived in the same household with the plaintiff and the plaintiff's deceased spouse.

"The court has considered the definition of 'relative' in Part I of the policy, and the 'Exclusions' in Part II of the policy and is of the opinion that the language is definite and includes coverage of plaintiff's deceased spouse; therefore, the defendant's position is without merit.

"Accordingly, the defendant's motion to dismiss is overruled, and pursuant to Code Sections 81A-112 and 81A-156 (h), this order shall be subject to review by direct appeal." (Emphasis supplied.)

The consideration by the trial judge of the stipulation referred to converted the motion to dismiss into a motion for summary judgment (Section 12 (b) (6) of the Civil Practice Act; Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-112 (b) (6)), and this was so considered by him, as he expressly certified it for review under the section applicable to summary judgments. See Section 56 (h) of the Civil Practice Act as amended (*Code Ann.* § 81A-156 (h)). A notice of appeal was filed from this judgment but the appeal was withdrawn by the appellant. The notice of appeal in the present case before this court expressly stated that it is an appeal from the "[j]udgment entered June 24, 1969, as per attached copy marked Exhibit 'A'." The Exhibit "A" attached to the notice of appeal is a judgment rendered in favor of the plaintiff after the case was submitted to the trial judge upon "testimony under oath" and other "evidence admitted into the record," without the intervention of a jury and is dated June 24, 1969, and was filed in office June 25, 1969. There are two enumerations of error.

1. One enumeration complains of the overruling of the defendant's motion to dismiss which had been converted into a

motion for summary judgment. Under the ruling in *Hood v. General Shoe Corp.*, 119 Ga. App. 649 (168 SE2d 326), a judgment denying a motion for summary judgment can only be considered on a direct appeal from that judgment with a proper certificate for review. We have the proper certificate here, but there is no direct appeal from that judgment. We, therefore, can not consider this enumeration of error. See also in this connection *Patterson v. Castellaw*, 119 Ga. App. 712, 718 (168 SE2d 838).

2. (a) The second enumeration of error is as follows: "The court erred in rendering a judgment in favor of the plaintiff-appellee, for said judgment is contrary to the evidence and *law of the case,* the evidence developed at the trial being immaterial and irrelevant to a proper determination of the main cause as asserted in defendant-appellant's motion to dismiss." (Emphasis supplied.) Pretermitting, for the moment, the proper construction of this enumeration, and the question of whether this enumeration of error is sufficiently understandable, it appears there is no transcript of the proceedings, and the enumeration of error on the final judgment in favor of the plaintiff, entered by the trial judge without the intervention of the jury "after having heard testimony under oath and reviewing the evidence admitted into the record," must be affirmed. *Delta Corp. v. Aiken*, 224 Ga. 241 (161 SE2d 293); *Avery v. Avery*, 224 Ga. 516 (162 SE2d 718); *Jones v. Jones*, 224 Ga. 571 (163 SE2d 692).

*There are no facts alleged in the pleading of either the plaintiff or the defendant that any relative (the son) of the insured furnished, or was the owner of, the automobile in which the plaintiff's spouse was riding at the time of her injury.* The only place in the record in which the operative facts, used by the majority in ruling on the case, may be found is in the stipulation which was entered into solely for the purpose of the consideration of the motion to dismiss, which was thereby converted into a motion for summary judgment (which we can not review in the state of this record). While the majority opinion states that this appeared in a "pre-trial" order, there is no pre-trial order, as I understand pre-trial order, in the record. While it is true that the order overruling the motion for summary judgment was

entered before the trial, this can, by no stretch of the imagination, make this a "pre-trial" order, which might be binding during the entire trial of the case. If the parties limited the consideration of their stipulation to the motion to dismiss, we can not extend it.

(b) The stipulation of counsel, which controlled the majority ruling, was made solely *for the purpose of the motion to dismiss* and it does not appear that this stipulation was also entered into when the case was submitted to the trial judge without the intervention of a jury, nor that it was introduced in evidence therein. In discussing stipulations of fact entered into by the parties, it is said in IX Wigmore on Evidence (3d Ed. § 2593, p. 594): "It would seem, having regard to the voluntary and contractual nature of the act, that the duration of its effect, no less than its scope, depends, after all, on the intent of the parties; that this implied intent may vary with the circumstances; and that where no special circumstances indicate the contrary, the intention should be implied to extend the effect of the admission to all subsequent parts of substantially the same litigation between the same parties, including a new trial." In Prestwood v. Watson, 111 Ala. 604, 607 (20 S 600), it was said: "Such agreements are sometimes made to avoid continuances, or for some specific purpose, and, by their terms, are limited to the particular occasion or purpose, and, of course, lose all force when the occasion has passed, or the purpose has been accomplished." Even if without limitation on the trial of a case, such stipulation of fact is not conclusive upon a second trial of the same case, but may be admitted in evidence therein. See *Luther v. Clay,* 100 Ga. 236 (28 SE 46, 39 LRA 95); *King v. Sheppard,* 105 Ga. 473 (30 SE 653). I conclude, therefore, that the stipulation entered into for the purpose of the motion to dismiss (converted into a motion for summary judgment) was not as a matter of law binding in the subsequent trial of the case; and could not even be considered unless introduced in evidence therein. Even if it had been admitted into evidence, we do not know that it was not controverted by the other evidence which the trial judge considered, but which is not before this court.

516

3. (a) There is no enumeration of error on the express construction of the policy as made by the trial judge in his order overruling the motion for summary judgment. The majority opinion does not explain how it reached its conclusion that "the defendant appeals [from the final judgment], contending that this is contrary to law for the reason that under the proper construction of the policy, judgment is demanded in its favor," when there is no enumeration of error on the construction placed upon the policy by the trial judge when ruling on the motion for summary judgment. This ruling effectively disposed of the construction of the policy relating to the stipulated facts favorable to the insured and controls this court's action on appeal in determining whether the trial judge erred in thereafter following his prior ruling on the construction of the policy and finding in favor of the insured on the trial of the case before him without a jury. See *Reames v. Commercial Credit Corp.*, 117 Ga. App. 786 (161 SE2d 923). While the trial judge, upon the trial, could have changed his construction of the policy previously made, he did not do so, and this prior express construction made in the denial of the motion for summary judgment, standing unassailed in this court, is the law of the case. See in this connection Fraser v. Doing, 130 F2d 617 (6 FR Serv, 60b.51, Case 1); Hartmann v. American News Co. (CA7th, 1948) 171 F2d 581 (12 FR Serv. 56d.2, Case 1), 337 U. S. 907 (69 SC 1049, 93 LE 1719). We can not adjudicate mere contentions made in a brief and argument. We can only pass upon the enumerations of error actually made.

(b) However, let us assume that there is an enumeration of error upon this final judgment solely on the ground that it is contrary to law. Before we can determine that a judgment is contrary to law, we must be apprised in some manner of the facts upon which the law must operate. As previously shown and demonstrated, we have no facts.

For the above reasons, I can not see any method, under the rules of law applicable thereto, by which either those who dissent or those who join the majority can reach for decision any question involving a construction of the policy; however, I concur with the judgment of affirmance, the majority having reached

the same construction of the policy as that reached by the trial judge.

HALL, Presiding Judge, dissenting. The majority opinion is the antithesis of realism. A realist court abhors technicalities and syllogistic reasoning that produce absurdities in the law; it supports Hobbes' premise "That Law can never be against Reason."

A majority of this court has construed the contract to mean that the plaintiff's *son is not a relative* under the policy. It does this under a rule of construction that an insurance contract is construed against the insurer. This rule should never be applied to arrive at an absurdity which is obviously not the intention of the parties. *Brown v. Chrysler Corp.*, 112 Ga. App. 22, 23 (143 SE2d 575). On the contrary, "the contract should be construed so as to carry out the true intention of the parties . . . ; and *every other rule of construction of contracts, including insurance contracts, is subservient to this one.* . . The ordinary and legal meaning of words employed in an insurance policy must be taken into consideration." *Public Indem. Co. of Newark v. Yeargood,* 50 Ga. App. 646, 647 (179 SE 232). The Code of Georgia provides: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, *irrespective of all technical or arbitrary rules of construction.*" (Emphasis supplied). *Code* § 20-702. The Code recognizes that neither the mind nor the contract marches with the regularity of a Prussian goose step.

The terms of the exclusion read: "This policy does not apply . . . to bodily injury: (b) *sustained by the named insured* or a relative (1) *while occupying an automobile owned by* or furnished for the regular use of either the named insured or *any relative, other than the automobile described herein* or its replacement. . ." (Emphasis supplied). Plaintiff contends his son is not a relative as defined in Part I of the policy and incorporated by reference into Part II. This definition reads: "relative means a relative of the named insured who is a resident of the same household, provided neither such relative nor his

518

spouse owns a private passenger automobile." Plaintiff contends that his son's undisputed ownership of an automobile removes him from the category of a relative, as the word is used in the exclusion.

While the general policy definitions are said to apply to Part II, it is obvious that the word "relative" in Exclusion (b) was not intended to mean one who does not own an automobile when the exclusion is addressing itself to "an automobile owned by . . . any relative." To hold that the general definition prevails makes nonsense of the specific provision. At the same time, it is obvious that the word is not intended to mean only kinship, and thereby to bar recovery where the insured was injured in an automobile owned by any relative, however remote in consanguinity or residence.

For legitimate, actuarial reasons, the drafters were trying to exclude coverage of an unlisted automobile owned by a related member of the same household. I would reverse the grant of summary judgment for the plaintiff.

I am authorized to state that Presiding Judge Jordan and Judge Eberhardt concur in this dissent.