## 62500. NODVIN v. KRABE.

QUILLIAN, Chief Judge.
Plaintiff Marvin P. Nodvin, an attorney, brought this action against Lou W. Krabe, a client, for an amount claimed due as the remainder of a fee for representing him in three lawsuits. Krabe had

contacted Nodvin in August 1979 after being served as a defendant in an action on a lease by "Selig Enterprises, Inc. v. Lou W. Krabe d/b/a 'Highlander' Gift & Jewelry, d/b/a Strata-Gem." Nodvin testified that he advised Krabe he charged $125 per hour but thought he could keep the fee as low as $500. Nodvin called an attorney he knew who represented Selig Enterprises and found that Selig had not authorized the action. Nodvin then called the attorney who filed the action and was informed Selig had assigned the right of action to "K.J.F. Corporation" who they represented. K.J.F. voluntarily dismissed the Selig action and refiled a second action styled "K.J.F. Corporation v. Lou W. Krabe." Krabe was out of town at that time and when his wife was served with the complaint she forwarded it to Nodvin. Nodvin was unsuccessful in his attempts to contact Krabe and filed an answer to the second action and a separate complaint in Krabe's name against the K.J.F. Corporation. Following negotiations between counsel it was agreed that both actions would be dismissed and K.J.F. would pay $200 to Krabe. Nodvin forwarded the $200 check to Krabe — with his bill for $1,320 as his fee. Krabe called Nodvin about the fee — arguing that it was too high. Nodvin testified he took off another $100 and Krabe said: "Fine." However, not thereafter receiving the amount claimed due, Nodvin brought this action as "an account stated."

Krabe denied that he agreed to the revised fee. He testified: "I didn't feel like I owed him any more money . . . I told him I wasn't going to pay him any more money, but that I just sent him the $200 just to get rid of him, and thought that would be the end of it." He stated the only fee discussion was on the original action "that was agreed upon to — for $500. The next time there was any mention of any additional money was when I received a statement, and at that time I called Mr. Nodvin and objected to it, because I thought we'd already reached the agreement that—uh—the lawsuit would cost me $500."

Trial was before the judge without a jury and he found all legal services furnished by plaintiff constituted one legal matter and plaintiff had agreed to represent the defendant in that legal matter for a fee of $500. Plaintiff appeals from judgment for defendant. *Held:*

1. It was established that Krabe did not authorize Nodvin to file an action in his name against K.J.F. Corporation and that Nodvin billed Krabe $100 as the fee for filing that action — which he settled with K.J.F. for $200, and that Krabe turned over the entire $200 to Nodvin — which he kept. Thus, the issue is narrowed to the correctness of the trial court's finding as to whether the first two actions constituted "one legal matter."

2. The first action by Selig against Krabe was the result of a lease. Selig assigned that action to K.J.F. The same law firm that filed and dismissed the Selig action refiled the second action in K.J.F.'s name on the same issue. Nodvin was asked: ". . . it was the same lease and the same legal problems, right? A. I would say they're basically the same problems, that is correct, but were separate actions."

Krabe testified: "[H]e led me to believe that it was just a matter of a couple of phone calls, that he could get this resolved . . . I stated that I thought $500 was a little bit high . . . " Then Krabe was served with the second action: "As far as I know, they were identical—except for the difference in who was suing me." Krabe stated that fee was discussed only once and that there was an agreement on $500. Nodvin's fee was never confirmed in any writing — except the final billing after settlement of the action with opposing counsel.

A contract of employment between an attorney and client is subject to the general law of contracts. See generally 2 EGL 337, Attorney and Client, § 36. Such contracts may be oral or in writing. Code Ann. § 20-106 (Code § 20-106). Construction of such contracts is a question of law for the court (Code Ann. § 20-701 (Code § 20-701)), and where as here the judge sits as the trier of fact his findings shall not be set aside "unless clearly erroneous." Code Ann. § 81A-152 (CPA § 52; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171); *City of Atlanta v. McLennan,* 240 Ga. 407 (2) (240 SE2d 881). The facts found by the trial court are supported in the record by the testimony of the defendant and are not clearly erroneous. Accordingly, we must affirm. The appellant's enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1981 —
REHEARING DENIED NOVEMBER 6, 1981 —

*William A Morrison, Marvin P. Nodvin,* for appellant.
*Diane E. Reid, Noel Benedict,* for appellee.