## 67960. JONES et al. v. BARNES et al.

DEEN, Presiding Judge.

Patricia Jones, sixteen-year-old daughter of appellants James Jones and Betty Sue Reeves, was killed when the van in which she was a passenger was struck by the vehicle of an uninsured motorist, appellee Barnes, who was driving under the influence of alcohol. The van belonged to a gospel music group of which Patricia was a member, and at the time of the fatal accident Patricia and other members of the group were en route to a singing engagement. Patricia's paternal uncle, Fleming Jones, a member of the group, was driving the van at the time of the collision and was also killed. Patricia was residing in and had always resided in the home of her mother and stepfather.

Appellants brought a wrongful death action against Barnes and, by amendment, against Fleming Jones' estate, alleging negligence on Jones' part. Georgia American Insurance Company (Georgia Ameri-

can), which had issued to the deceased Fleming Jones an insurance policy covering his personal vehicle or vehicles, was served with a copy of the complaint as an uninsured motorist carrier. Georgia American denied coverage and moved for summary judgment. The trial court granted the motion. Appellants enumerate this judgment as error, contending that there are genuine issues of material fact which require jury resolution. *Held*:

Appellants contend that they are entitled to recover from Georgia American because Patricia was an "insured" under Georgia law and under Fleming Jones' insurance policy with Georgia American. The statutory provision dealing with uninsured motorist coverage is OCGA § 33-7-11 (b) (1) (B): " 'Insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise; any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies; a guest in such motor vehicle to which the policy applies; or the personal representatives of any of the above." The insurance policy issued to a Fleming Jones by Great American covering the period April 1, 1981, to April 1, 1982 (which includes the date of the fatal accident, February 28, 1982), contains approximately equivalent provisions. The section of the policy entitled "Coverage J. Protection Against Uninsured Motorists" sets forth the following relevant information: "II Definitions. (a) Insured. The unqualified word 'insured' means: (1) The named insured and, while resident of the same household, his spouse and the relatives of either; (2) any other person while occupying an insured automobile . . . (b) Insured Automobile. The term 'insured automobile' means: (1) an automobile . . . owned by the named insured or by his spouse . . .; (2) an automobile while temporarily used as a substitute for an insured automobile . . ., when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or (3) *any other automobile* while being operated by the named insured . . . (e) Occupying. The word 'occupying' means in or upon or entering into or alighting from." (Emphasis supplied.) Subsections III and V of the section of the policy captioned "Insuring Agreements" contain terms not inconsistent with those cited from Coverage J, supra.

Appellants argue that under the cited provisions of the Code and the policy of insurance, Patricia was covered as an "insured." Their line of reasoning appears to be that if Fleming Jones was an "insured" while in "a [i.e., any] motor vehicle" (or "any automobile," to employ the terms of the policy rather than of the Code), then any vehicle which he might occupy would become a "motor vehicle to which the policy applies," and Patricia would be "a guest in such motor vehicle" (expressed alternatively, she would be "any other person

while occupying an insured automobile") and therefore an insured.

Appellee Georgia American's contentions are to just the opposite effect. The appellee argues that the subsection contemplates only two classes of covered persons: (a) the named insured and his resident spouse and resident relatives, who are covered whether pedestrians or occupants of an automobile; and (b) persons using the insured's vehicle with permission, and guest passengers, all of whom are covered only if in or on the automobile designated in the insured's policy. See *Gulf American Fire &c. Co. v. McNeal*, 115 Ga. App. 286 (154 SE2d 411) (1967). Appellee does not address the status of Patricia or of the van as insured *vel non* under the terms of Fleming Jones' insurance policy but bases its contentions on the statutory provisions alone.[1]

It is undisputed that Patricia was not a resident of Fleming Jones' household; it is also undisputed that Fleming Jones did not own the van but merely drove it on occasion when the group was traveling to or from an engagement. Under the reading of the statute urged by appellee, therefore, Patricia would be excluded from coverage. See, e.g., *Cotton States Mut. Ins. Co. v. McEachern*, 135 Ga. App. 628 (218 SE2d 645) (1975). Under the terms of the policy, on the other hand, Patricia would at least arguably appear to be covered. Appellants contend that these two possible interpretations of the governing documents constitute a genuine dispute as to a material fact. Appellants also point to appellee's disputing the identity of the Fleming Jones named as an insured in one or another of the insurance policies which are included in the record.

"The purpose of the Summary Judgment Act . . . is to eliminate the necessity for a trial by jury where, giving the opposite party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Butterworth v. Pettitt*, 223 Ga. 355 (155 SE2d 20) (1967). A motion for summary judgment should be granted, therefore, only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56; *Sands v. Lamar Properties*, 159 Ga. App. 718 (285 SE2d 24) (1981); *Southeastern Fid. Ins. Co. v. Tesler*, 159 Ga. App. 60 (282 SE2d 703) (1981).

Our scrutiny of the entire record before this court persuades us that appellee Georgia American was not entitled to judgment as a matter of law. Under basic principles of contract law it is axiomatic

---

[1] Because the instructions to the Clerk of the Superior Court in the original notice of appeal and the subsequent "Designation of Record" were somewhat ambiguous, the documents pertaining to appellee's motion for summary judgment, including a copy of the insurance policy, were not initially transmitted to this court. They were subsequently transmitted upon the direction of this court and are a part of the record on appeal.

that, as long as the provisions of a given contract are in compliance with the requirements of governing statutes, the parties to the contract may include provisions different from, or more liberal than, those prescribed in the statute or statutes. In the case *sub judice* we have an instance of just such an exercise of the freedom to contract. Whereas under OCGA § 33-7-11 the contract between Fleming Jones and Georgia American could have been written so as to exclude from coverage persons in Patricia's status, the plain language of the contractual provisions cited, supra, from Coverage J of the policy brings Patricia within the document's coverage.

If the terms used in a contract are plain, unambiguous, and capable of only one reasonable interpretation, then they must be given their ordinary significance. *Asa G. Candler v. Ga. Theater Co.*, 148 Ga. 188 (96 SE 226) (1918); *Henderson v. Henderson*, 152 Ga. App. 846 (264 SE2d 299) (1979); *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845 (219 SE2d 458) (1975). This principle applies to insurance contracts as well as to any other contract. See, e.g., *American Motorists Ins. Co. v. Vermont*, 115 Ga. App. 663 (155 SE2d 675) (1967); *Pilot Life Ins. Co. v. Morgan*, 94 Ga. App. 394 (94 SE2d 765) (1956); Ranger Ins. Co. v. Culberson, 454 F2d 857 (5th Cir. 1971), cert. denied 407 U. S. 916 (92 SC 2440, 32 LE2d 691) (1972).

The construction of a contract is a matter of law for the court, *Nodvin v. Krabe*, 160 Ga. App. 310 (287 SE2d 236) (1981), as is the determination *vel non* of ambiguity in a contract. *Salvatori Corp. v. Rubin*, 159 Ga. App. 369 (283 SE2d 326) (1981). Where the language of a contract is plain and unambiguous, however, as we find it to be in the instant case, no construction is required or even permissible. *Crooks v. Crim*, 159 Ga. App. 745 (285 SE2d 84) (1981); *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458 (278 SE2d 33) (1981); *R. S. Helms v. GST Dev. Co.*, supra. Even if, arguendo, we had found the language of the subject insurance contract uncertain or ambiguous, we would be bound to construe the contract against the draftsman; that is, against the insurer. OCGA § 13-3-2 (5); *Western Contracting Corp. v. State Hwy. Dept.*, 125 Ga. App. 376 (187 SE2d 690) (1972); *American Cas. Co. v. Callaway*, 75 Ga. App. 799 (44 SE2d 400) (1947). See also Ranger Ins. Co. v. Culberson, supra; Float-Away Door Co. v. Continental Cas. Co., 372 F2d 701 (5th Cir. 1966), cert. denied 389 U. S. 823 (88 SC 58, 19 LE2d 76) (1967).

The trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. McMurray, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 12, 1984 —
REHEARING DENIED APRIL 30, 1984.

*Lonzy F. Edwards*, for appellants.
*Wallace Miller III*, for appellees.