### 40007.   MOORE v. ALLSTATE INSURANCE COMPANY.

CARLISLE, Presiding Judge.   1. While a policy of insurance will be construed liberally in favor of the object to be accomplished, and its provisions will be strictly construed against the insurance company, and where it is susceptible of two constructions, that construction will be adopted most favorable to the insured, *Johnson v. Mutual Life Ins. Co.,* 154 Ga. 653 (115 SE 14), *Penn Mutual Life Ins. Co. v. Milton,* 160 Ga. 168, 171 (127 SE 140, 40 ALR 1382), yet a contract of insurance should be so construed as to carry out the true intention of the parties, *Code* § 20-702, and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. *New York Life Ins. Co. v. Thompson,* 45 Ga. App. 638 (165 SE 847), and cits.; *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392, 398 (138 SE 787); *Wheeler v. Fidelity & Cas. Co.,* 129 Ga. 237, 240 (58 SE 709).

2. Assuming, without deciding, that the son of a plaintiff was an insured, and as such covered under the terms of a policy insuring against bodily injuries by uninsured automobiles

which stipulates that the insurer "will pay all sums which the insured shall be entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile," and that, "all sums payable because of bodily injury, other than death, are payable to the insured, or if the insured is a minor, to his parent or guardian," such policy does not constitute an agreement to pay damages to one "insured" for bodily injury to another "insured." The fact that the one insured would, under ordinary rules of law, be entitled to bring a tort action against the owner or driver of the uninsured automobile to recover damages suffered by the one insured because of the bodily injury to the other insured, would not be sufficient to change the plain meaning of the terms of the policy.

3. It follows that the trial court did not err in sustaining a general demurrer to a petition brought by a mother, an insured under the policy, against the insurer to recover damages for the loss of services of her minor son, alleged to be also an insured, who received bodily injuries in an automobile collision with an uninsured automobile. Whether other demurrers in the nature of general demurrers were properly sustained by the trial court is not necessary to decide.

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED MAY 22, 1963—REHEARING DENIED JUNE 19, 1963.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.