### 46802. GLAZE et al. v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.

CLARK, Judge. Plaintiffs obtained a substantial default judgment in DeKalb County on a suit brought for the death of their son as a result of negligence by Hubert C. Duckett in an automobile accident, the defendants in

that action being Hubert C. Duckett and Thomas Wayne Duckett, father and son. Plaintiffs then obtained an assignment of the rights which defendants had under a public liability policy issued by Southeastern Fidelity Ins. Co. covering the automobile involved in the accident. This action was then instituted in Fulton Superior Court based on a public liability policy which designated the insured as Hubert C. Duckett issued by the defendant insurer.

The key provision of this policy reads as follows. "Item 7. Limited Policy Provisions—If so indicated by an X mark below, it is agreed in consideration of the premium charged that there is no insurance afforded by this policy covering any claim arising from an accident involving the vehicle described above, or any other vehicle, while being used, driven, operated, or manipulated by:

( ) any male under 25 years of age

(x) any male under 25 years of age who is a resident of the named insured's household or a relative of the named insured.

( ) any male under 25 years of age except _____

(x) Thomas Wayne Duckett

| Name | Date of Birth | Relationship |
| Name | Date of Birth | Relationship." |

Item 7 was at the bottom of page 1 of the policy. The appellants raised two issues. The first was a contention that Thomas Wayne Duckett was included as an insured by the policy. The other was that the terms of Item 7 were sufficiently ambiguous to be confusing and such as to render the purported exclusion of the son as being without legal effect. *Held:*

The quoted Item 7 provided for express exclusion of persons in four named categories depending upon the location of the X mark. The first three dealt with males under the age of 25. The fourth category was for specific excluded individuals. Plaintiff's able counsel argued orally and by brief that the third category followed on the next line by the name indicated omission of any name in an intention

to include him as an assured, and that the failure in the next line (fourth category) to complete the information dealing with birthdate and relationship created an ambiguity.

We cannot agree with this ingenious interpretation. "The express terms of an exclusion endorsement attached to the insurance policy issued by the plaintiff insurance company to the insured relieve the insurance company from any liability for accidents occurring while the son of the insured was driving." *Nelson v. Southern Guaranty Ins. Co.*, 221 Ga. 804 (147 SE2d 424). The Supreme Court at page 808 quotes from *Queen Ins. Co. v. Nalley Discount Co.*, 215 Ga. 837 (114 SE2d 21) the law to be "Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties as apply to other contracts. [Citations.] Where the terms and conditions of an insurance policy are unambiguous the court must declare the contract as made by the parties. [Citation.] Where the meaning is plain and obvious, it should be treated as literally provided therein. [Citations.]" In accord are the cases of *Midland Nat. Ins. Co. v. Wright*, 117 Ga. App. 208 (160 SE2d 262) and *Moore v. Allstate Ins. Co.*, 108 Ga. App. 60 (131 SE2d 834).

The court below correctly ruled on defendant's motion for judgment on the pleadings in dismissing the complaint and granting judgment to defendant insurer.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED JANUARY 6, 1972—DECIDED JANUARY 18, 1972—
REHEARING DENIED FEBRUARY 22, 1972.

*Scheer & Elsner, Robert A. Elsner, Gary I. Wittick,* for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellee.