47838. HAWKINS IRON & METAL COMPANY, INC. et al. v. CONTINENTAL INSURANCE COMPANY et al.

STOLZ, Judge. In this action to recover on an insurance contract, the plaintiff insured appeals from the grant of the motion for summary judgment of the defendants, the insurer and its agency, based upon the pleadings,

the insurance policy, and the deposition of the plaintiff president and primary stockholder of the plaintiff insured. *Held:*

1. While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (1) (131 SE2d 834); *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812, 814 (152 SE2d 811) and cit.; Code Ann. § 56-2419 (Ga. L. 1960, pp. 289, 667).

A burglary loss of the plaintiff insured firm's daily monetary receipts while stored overnight in the locked glove compartment of the locked truck of the insured's president, which was parked on the driveway of his residence, 150 yards from a public street, 10 feet from his house, and 75 feet from his front door, is not covered under the express provisions of "Coverage B" of a "Money and Securities Broad Form" insurance policy, i.e., "To pay for loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the [business] premises *while being conveyed by a messenger* [which the insured's president was, within the policy definition] or any armored motor vehicle company, *or while within the living quarters in the home of any messenger."* (Emphasis supplied.) The money was obviously not stored in the relative safety "within the living quarters in the home of any messenger." The holding in *Atlanta Tallow Co. v. Fireman's Fund Ins. Co.,* 119 Ga. App. 430 (167 SE2d 361) —that money was "being conveyed by a messenger" when it was in a locked glove compartment within a locked automobile for *10 minutes* en route from a bank to the employer's premises — cannot be extended to the facts in the present case, where the money was not en route to

anywhere, but was stored *overnight* for supposed safekeeping and where the care and custody of the "messenger" was more constructive than actual.

2. The present action is one merely to recover on the insurance contract, since misrepresentation or fraud is not alleged in the complaint with particularity (or otherwise), as it would have to be under the provisions of Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620). Furthermore, misrepresentation of the legal effect of the insurance policy, even if shown, would be a mere expression of opinion which cannot constitute remediable fraud. *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208) and cit.

3. Nor is the defendant insurer bound to pay the claim by the fact (as shown by the deposition) that it renewed the contract sued on shortly after its agent (co-defendant) represented to the insured that it was "fully covered in all areas," after conducting a comprehensive review of its policies, during which the agent was apprised of the insured's above-described practice of storing money. The insurance contract must be entirely in writing. *Fowler v. Liberty Nat. Life Ins. Co.,* 73 Ga. App. 765, 770 (38 SE2d 60); *Nationwide Ins. Co. v. Westbrook,* 112 Ga. App. 137, 139 (144 SE2d 199) and cit. " 'Policy' means the *written* contract of or written agreement for or effecting insurance, and includes all clauses, riders, endorsements and papers attached or issued and delivered for attachment thereto and a part thereof." Code Ann. § 56-2402 (Ga. L. 1960, pp. 289, 657). " 'The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy.' *Reliance Life Insurance Co. v. Hightower,* 148 Ga. 843 (a) (98 SE 469)." *Fowler v. Liberty Natl. Life Ins. Co.,* supra, p. 768. The provisions in the present policy, to the effect that the policy embodies all agreements existing between the insured and the company or any of its agents relating

to this insurance, that none of the terms of the policy shall be waived or changed except by endorsement issued to form a part of the policy, signed by a duly authorized representative of the company, and that no knowledge possessed by any agent shall effect a waiver or a change in the policy or estop the company from asserting any right under the policy, are valid and binding (*South Carolina Ins. Co. v. Hunnicutt,* 105 Ga. App. 257, 258 (124 SE2d 315) and cit.), and preclude the insured from recovering solely on the basis of the agent's general representation of adequate coverage (it being conceded that neither of the defendants ever specifically represented that the particular type of loss involved was covered).

Accordingly, the trial judge did not err in granting the defendants' motion for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 12, 1973 — DECIDED MARCH 12, 1973.

*Hill, Jones & Farrington, Fletcher Farrington,* for appellants.

*Brannen & Clark, Perry Brannen, Jr.,* for appellees.