## 48977. RANGER INSURANCE COMPANY v. COLUMBUS-MUSCOGEE AVIATION, INC.

CLARK, Judge. Columbus-Muscogee Aviation, Inc., referred to as insured, filed suit against Ranger Insurance Co. seeking to recover for damages sustained by an aircraft which was insured by Ranger Insurance Co.

Our task was made less laborious by the parties providing a facts stipulation. Our concern is thus limited to construction of the terms of a standard aviation insurance policy issued May 31, 1972, for property damage. The specific provision is item 7 with two endorsements added thereto. The printed portion of this item reads: "Pilot clause: Only the following pilot or pilots holding valid and effective pilot and medical certificates as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: See Endorsement No. 4." (R. 21). Endorsement No. 4 issued contemporaneously with the policy is captioned "Approved Pilots (In Accordance With Item No. 7 of The Declarations)." This endorsement covers a full page and is divided into two categories. These are "Passenger Carrying For Hire" and "All Other Approved Uses." The first category is then divided into three subgroupings according to type of aircraft. The parties operating any airplane in this first group must be "Commercial pilots" and in addition thereto must have logged a minimum number of total hours according to the type of airplane. Similarly, there are subgroupings in the second category but here the experience factor is according to four types of aircraft with the operator being either "Student, private or commercial pilots."

Thereafter by endorsement No. 19 dated February 15, 1973, retroactively effective to February 6, 1973, the following rider was added: "It is hereby agreed that as respects N-5970F only, Item No. 7 of the declarations is amended to read as follows as respects rental purposes only: Private or commercial pilots having a minimum of 200 total logged hours including at least 15 hours in retractable gear aircraft and a check out in insured make & model." (R. 41). This endorsement also contained the following printed language: "Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions, agreements or warranties of the policy, other than as above stated."

The exclusion clause of the policy as originally issued provided the

policy did not apply "to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations." (R. 20).

On February 15, 1973, which coincidentally is the same date as the endorsement retroactive to February 6, 1973, the aircraft crashed and was totally destroyed. At the time of the crash the party operating it had rented the specific plane carrying Federal Aircraft Administration No. N5970F. The operator "did not hold a valid and effective medical certificate issued by the Federal Aviation Administration Administrator or his designee and required by the Federal Aviation Administration for the flight in question" but he "held a private pilot's certificate and had at least 200 totaled logged hours including at least 15 hours in retractable gear aircraft and had had a checkout in a Cessna 210 H aircraft, number N-5970F." (R. 18).

Both parties filed summary judgment motions. The trial court denied defendant insurer's motion based on no coverage and sustained the plaintiff insured's summary judgment motion as to the existence of coverage. Defendant insurer has taken this appeal.

1. This represents the fourth occasion in which this court has been called upon to construe the "Pilot Clause" of the standard aviation policy. Our three previous cases are *Grigsby v. Houston Fire & Ins. Co.*, 113 Ga. App. 572 (148 SE2d 925); *Farmers & Mer. Bank v. Ranger Ins. Co.*, 125 Ga. App. 166 (186 SE2d 579) and *Atlanta Airfleet, Inc. v. Insurance Co. of N. America*, 130 Ga. App. 15 (202 SE2d 192). These three prior decisions recognized the validity of the Pilot Clause. They also found the terms and conditions to be clear and unambiguous.

2. Although these cases are helpful toward making our ultimate decision, we did not find in them a situation similar to that presented by Endorsement No. 19. The insured contends that there is an ambiguity created by its language and therefore the construction must be adverse to the insurer under those well known rules that ambiguous contracts are resolved against the drafter (Ga. Digest, Vol. 13, Insurance Key 146.7 for citations), and that a policy of insurance is to be construed in favor of indemnity and against forfeiture (Ga. Digest, Vol. 13, Insurance Key 146.8 for citations).

3. Those rules, however, do not come into force until an ambiguity exists. The primary construction rule set forth in Code Ann. §

56-2419 is that "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider endorsement, or application made a part of the policy." Application of this rule as to the instant policy shows that in order to have coverage the parties contracted that the basic requirements were for the aircraft operator to be "holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved." (R. 21). In addition to these two requisites the two endorsements (No. 4 and No. 19) are supplemental requirements dealing only with experience according to use and type of airplane. Endorsement No. 4 was a part of the original policy and carries the caption "Approved Pilots (in accordance with Item No. 7 of the declarations)." It dealt with aircraft used for "Passenger Carrying for Hire" and "All Other Approved Uses." The subsequent endorsement (No. 19) dated February 15, 1973, did not delete or remove either of the basic requirements concerning both the Federal Aviation Administration pilot and medical certificates. It simply added another use category, namely "rental purposes" for a specific airplane and prescribed pilot experience requirements for that use. In the use of this particular aircraft and for rental purposes alone, the operator had to be either a private or commercial pilot with the minimum stated experience and check-out added to the basic requirements of Item 7. In short, the language requiring specified experience as to the one airplane when it was rented was cumulative to the basic requirements of a proper pilot's license and medical certificate.

The insured asserts that the use of the words "amended to read as follows" constitute an erasure of both of these basic requirements or at least creates an ambiguity which should be construed adversely to the insurer. We disagree. Black's Law Dictionary (4th Ed.) gives three meanings for the word "amend": "To improve. To change for the better by removing defects or faults. To change, correct, revise." None of these meanings can be stretched to hold that there was an erasure or deletion in the instant policy of the two basic requirements. By their contract both insured and insurer agreed that regardless of the use of any aircraft that the operator had to be a person "holding a valid and effective pilot and medical certificate as required by the Federal Aviation Administration for the flight involved." Endorsement

No. 19 did not create an ambiguity as to these requisites in Item 7 of the declarations and did not give coverage where the operator of the rented aircraft failed to possess these basic requisites.

4. "While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed *reasonably and in its entirety,* unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (1) (11 SE2d 834); *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812, 814 (152 SE2d 811) and cit.; Code Ann. § 56-2419 (Ga. L. 1960, pp. 289, 667)." *Hawkins Iron v. Continental Ins. Co.,* 128 Ga. App. 462, 463 (196 SE2d 903). (Emphasis supplied.)

In construing this policy "reasonably and in its entirety" we find that the term "amended to read as follows" was not intended to eliminate the basic requirements recited in the "Pilot's Clause" of Item 7. As the operator here at the time of the crash of the rented plane did not possess a valid medical certificate, the exclusion clause as to any damage "occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations" (R. 20) applied. Therefore, the lower court erred in granting summary judgment to plaintiff insured and in not granting summary judgment for defendant insurer.

*Judgment reversed with direction to the trial court to enter judgment for the defendant. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 8, 1974 — DECIDED FEBRUARY 1, 1974.

*Gambrell, Russell, Killorin, Wade & Forbes, Sewell K. Loggins,* for appellant.

*Kelly, Champion, Denney & Pease, Edward W. Szczepanski, Jr.,* for appellee.

