## 51225. SHOWERS v. ALLSTATE INSURANCE COMPANY.

ARGUED SEPTEMBER 29, 1975 — DECIDED NOVEMBER 26, 1975.

*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis,* for appellant.
*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellee.

DEEN, Presiding Judge.

The record reveals that the general property form of the policy contains the following language: "Insurance is afforded with respect to property for which an 'X' is entered opposite the Insuring Agreement(s) applicable to such property. . ." Plaintiff designated that he sought only the insuring agreements for "Fire, Lightning and Extended Coverage" and "Vandalism and Malicious Mischief" covering the personal property at his business address. Further down the general property form is the following language: "Extension—Personal Property of Others: With respect to personal property of others in the care, custody or control of the Insured, insurance is afforded. . . for the legal liability of the Insured." Based

upon this plaintiff urges that the policy affords him coverage whenever his legal liability for the personal property of others is asserted no matter how such liability is alleged to arise. The insurer counters that it has contracted to extend coverage to the personal property of others only if the event befalling such property is covered by the applicable "Insuring Agreements," i. e., fire, lightning and extended coverage on vandalism and malicious mischief.

It is quite true and has been stated innumerable times that if a contract of insurance is doubtful that which goes most strongly against the insurer is preferred. Code Ann. § 20-704 (5). Yet it is also true that a policy of insurance ". . . which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be extended beyond what is fairly within its plain terms." *Ranger Ins. Co. v. Columbus-Muscogee Aviation,* 130 Ga. App. 742, 745 (204 SE2d 474). Here the policy clearly states coverage is afforded *only* as to those "Insuring Agreement(s)" selected by the insured and the language with regard to personal property of others specifically is prefaced by a notation that such coverage is *extension* of the insurance selected and not separate coverage. " 'If the apparent inconsistency is between a clause that is general and broadly inclusive in character and one that is more limited and specific in its coverage, the latter should generally be held to operate as a modification and pro tanto nullification of the former.' 3 Corbin, Contracts, p. 176, § 547." *Central Ga. Elec. Membership Corp. v. Ga. Power Co.,* 217 Ga. 171, 173 (121 SE2d 644).

Plaintiff concedes that the loss of the watch would not be covered by "Insuring Agreement(s)" selected by him. This being so, construction of the contract compels the conclusion that likewise there was no coverage under the extension provision of the policy. "In an action to collect on an insurance policy the insured must show that the occurrence was within the type of risk insured against to make a prima facie case." *Ga. Farm Bureau Mut. Ins. Co. v. Alloway,* 134 Ga. App. 660, 661 (215 SE2d 506).

*Judgment affirmed. Quillian, Clark, Stolz and Marshall, JJ., concur. Bell, C. J., Pannell, P. J., Evans*

*and Webb, JJ., dissent.*

EVANS, Judge, dissenting.

Showers had a policy of insurance with Allstate known as a "Business Package Policy." A customer of Showers left her car with Showers for service, and upon her return she claimed a watch which she had left in the car to be missing.

The customer sued Showers, and Showers sought to have Allstate adjust the claim or defend the suit. Allstate refused, contending there was no coverage. Was there any coverage? The policy provided it insured only as to those items in the brackets opposite where an "X" was placed. "X" was placed opposite "fire, lightning and extended coverage." "X" was also placed opposite "vandalism and malicious mischief." "XX" was opposite—at bottom of page — "Personal property of others in the care, custody or control of the Insured . . . for the legal liability of the Insured." A copy of this form follows.

# ALLSTATE INSURANCE COMPANY
SECTION I — PROPERTY

GENERAL PROPERTY FORM

SCHEDULE

Insurance is afforded only with respect to property for which an "X" is entered opposite the Insuring Agreement(s) applicable to such property, and then only with respect to such property for which a specific Limit of Liability is shown. Loss payment is subject to the deductible(s), if any, stated below.

## 1. PROPERTY AT LOCATIONS

| a. Buildings | Personal Property | Insuring Agreements Applicable |
|---|---|---|
| ☐ | ☒ | A  FIRE, LIGHTNING AND EXTENDED COVERAGE |
| ☐ | ☐ | B  SPRINKLER LEAKAGE |
| ☐ | ☒ | C  VANDALISM AND MALICIOUS MISCHIEF |
| ☐ | ☐ | D  PREMISES BURGLARY OR ROBBERY |
| ☐ | ☐ | E  ELEVATOR COLLISION |
| ☐ | ☐ | F  MISCELLANEOUS PERILS |
| ☐ | ☐ | H  ALL RISKS |

b. Property at locations owned, leased, operated, regularly used or specifically declared by the Insured, except property covered in item 1.c. and item 2.

| Loc No. | Bldg No. | Description and Location of Property | %° | Limits of Liability |
|---|---|---|---|---|
| 1 | 1 | Personal Property at 1979 Riverside Dr. Macon, Georgia | 90 | $ 5,000 |

| c. | Personal property at locations not owned, leased, operated or regularly used by the Insured, except property covered under item 1 b and item 2 | Any One Location | $ |
|---|---|---|---|
| | | Aggregate At All Locations | $ |

d. Deductible Amount $ 50.00

| e. | Loc No. | Bldg No. | Mortgagee Name and Address |
|---|---|---|---|
| | | | |

## 2. PERSONAL PROPERTY IN OTHER SITUATIONS

| Insuring Agreements Applicable | %° | | Limits of Liability |
|---|---|---|---|
| ☐  G  TRANSPORTATION PERILS | | a. Personal property in transit (other than property in the care, custody or control of a salesman) on any one vehicle owned, operated or leased by the Insured. | $ |
| | | b. Personal property in the care, custody, or control of. (1) any salesman away from the premises | $ |
| | | (2) all salesmen | $ |
| ☐  H  ALL RISKS | | c. Any one loss, disaster or casualty, as respects personal property in the custody of carriers for hire, or in transit, other than as provided in a. and b. above. | $ |

## 3. EXTENSION — PERSONAL PROPERTY OF OTHERS

With respect to personal property of others in the care, custody or control of the Insured, insurance is afforded as indicated below and as limited in 1.b above

☐ for the account of the owner without regard to the legal liability of the Insured.

☒ for the legal liability of the Insured.

PGP 1    °COINSURANCE PERCENTAGE

What was the meaning of the coverage sought at the bottom of the page where "XX" appears opposite "for the legal liability of the insured"? Doesn't this bracket squarely afford coverage?

Counsel for the insurance company contends there was no coverage for theft whatsoever, and we find in the policy under exclusions at page PGP 9 (R. 24): "theft (including attempt thereat), when insurance is afforded under item 2 of the Schedule from any private passenger type automobile, station wagon, motorcycle, or motorscooter, occurring while such vehicle is unattended, unless the property is contained in a fully enclosed and securely locked body or compartment and theft results from forcible entry, evidenced by visible marks, but this exclusion shall not apply to property in the custody of carriers for hire or if coverage is specifically endorsed hereon"; Thus under this language in the policy, it is claimed by the insurer that there was no coverage for "theft."

Now let us refer to subparagraph 9 of Extensions of Coverage on page PGP 11 (R. 26). This coverage is as follows: "Personal Property of Others in the Care, Custody or Control of the Insured. When this form covers personal property of the Insured, the Insured may apply, as an additional amount of insurance, up to 2% of the limit of liability for the described property at the described location, not to exceed $2,000, to cover for the account of the owner, personal property of others, similar to the described property, while on the described premises and, if coverage is provided under Item 2a. of the Schedule, in such transit situation." This language seems to say that a limit of $2,000 may be applied for, yet the application form which became a part of the policy places a limit of $5,000 with a $50 deductible amount. Thus it appears from examining the entire policy that the policy seems to say that there is coverage for the personal property of others left in the care of the insured to the extent of "legal liability of the insured" up to the limit of $5,000 with $50 deductible coverage. We see again, an additional ambiguity in the language of the policy. But in any event, since the amount of coverage on the application shows $5,000 this would be controlling.

We find from reading the entire policy the insurance company seeks to absolve itself by excluding theft in one instance, yet including theft with reference to whatever legal liability the insured had, this is, as to personal property of others left in his care. However, this paragraph does state the language in referring to personal property of others while on the described premises, property that is "similar to the described property." Does this mean similar to the described property of the insured? Or just what does this language refer to? The contract must be construed *most favorably to the insured. Massachusetts Ben. Life Assn. v. Robinson,* 104 Ga. 256 (2), 227 (30 SE 918).

It is my opinion that from reading the type insurance requested by the insured as shown in exhibit B, that he was fully covered for his legal liability as to personal property of others left in his care, custody and control up to $5,000.

As the policy is ambiguous in that some parts imply coverage and other parts imply lack of coverage, the ambiguity must be construed most favorably toward the insured since the insurance company wrote the policy. See *Johnson v. Mut. Life Ins. Co.,* 154 Ga. 653 (115 SE 14); *Benevolent Burial Assn. v. Harrison,* 181 Ga. 230, 239 (181 SE 829); *Christensen v. New England Mut. Life Ins. Co.,* 197 Ga. 807, 813 (30 SE2d 471). Also see *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488), which holds that contradictory clauses must be construed against the insurance company. The last case cited is a full bench decision of the Supreme Court of Georgia holding that the lower court was in error, just as it is here. I therefore dissent from the majority ruling and respectfully assert that the trial court erred in dismissing the case on the pleadings.

I am authorized to state that Chief Judge Bell, Presiding Judge Pannell and Judge Webb concur in this dissent.