Catherine R. FRYE

v.

AETNA LIFE INSURANCE COMPANY.

No. C75–1313A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 13, 1976.

Joel M. Merren, Atlanta, Ga., for plaintiff.

Tommy T. Holland, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is a diversity action filed by Catherine R. Frye against the Aetna Life Insurance Company [Aetna] in which plaintiff seeks to recover the proceeds of a life insurance policy of which she is the beneficiary in the amount of $125,000. The case is presently before the Court on the defendant's motion for summary judgment.

On July 7, 1974, plaintiff's insured husband, Howard E. Frye, went to Lake Murray, South Carolina, for a vacation at the Frye's houseboat. Plaintiff remained in Orangeburg, South Carolina, due to her prolonged illness. Sometime after 9:00 P.M. on July 9, 1974, plaintiff's husband accidentally fell over the railing of his houseboat which was tied to a dock at the time. On July 11, 1974, the insured's body was discovered in the lake and his death was attributed to drowning. The insured was in the habit of cruising the houseboat on the lake for several hours each day and returning to the same dock at the Wells Marina on Lake Murray each evening.

Prior to his death Howard E. Frye was an employee of the Sherwin-Williams Company and was covered under the terms of a group life insurance policy issued by Aetna. This policy provided limited benefits for the accidental death of the insured. Schedule 2 of the insurance policy contains the following definition of the "injury" which must be the cause of death to be within the coverage of the policy:

"An 'injury' as used in the policy is a bodily injury caused by accident, suffered by a person while an Insured, to which at least one of the following conditions applies:

(e) While the Insured is

(1) a passenger in a land or water conveyance, or

(2) an operator of any land or water conveyance except one operated for the carriage of passengers for hire . .

For the purposes of this Schedule:

(b) a 'passenger' or an 'operator' is a person traveling in a conveyance for transportation only. A person in a land or water conveyance being used at the

time for any racing or speed contest or any sports activity is neither a passenger nor an operator . . . ."

Plaintiff contends that the policy of insurance is applicable to the facts of the instant action under the definitions and exclusions contained in the policy. Plaintiff claims that Howard E. Frye was the operator of a water conveyance and that he died while he was in his capacity as an operator of the water conveyance.

Aetna claims that because the decedent's houseboat was securely tied to its accustomed docking place at the time of decedent's death that decedent was not a passenger or an operator of a water conveyance at the time of his death, as required by the terms of the insurance policy.

 It is a well established principle of law that any ambiguity in an insurance policy must be construed most favorably to the insured and that words or provisions of an ambiguous meaning in an insurance policy should be resolved against the insurance company which authored the instrument. *Mass. Benefit Life Assoc. v. Robinson,* 104 Ga. 256, 30 S.E. 918 (1898); *Fokes v. Interstate Life & Accident Ins. Co.,* 59 Ga.App. 680, 2 S.E.2d 170 (1938); *Gulf Life Ins. Co. v. Braswell,* 101 Ga.App. 133, 112 S.E.2d 804 (1960); *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60, 131 S.E.2d 834 (1963).

However, although an ambiguous insurance contract is liberally construed in favor of the insured, an insurance contract which "when construed *reasonably and in its entirety,* unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms." *Ranger Ins. Co. v. Columbus-Muscogee Aviation,* 130 Ga.App. 742, 745, 204 S.E.2d 474, 476 (1974) (emphasis in *Ranger*).

An examination of the four corners of the contract of insurance in the instant action indicates that the policy is not an omnibus life insurance policy. The basic purpose of the policy is to provide insurance coverage for death or disability resulting from an injury incurred while the insured is engaged in transportation. Generally, the policy covers injuries incurred while the insured is traveling in an aircraft or land or water conveyance used for transportation only.

While a houseboat can be used for transportation that is not its *only* use; a houseboat is also customarily used as a place of lodging and is so designed. Decedent used his houseboat both to cruise around Lake Murray and as a place of lodging. Under such circumstances it does not appear to the Court that the insured met his death while traveling on a water conveyance used for transportation only as required by the contract of insurance. The terms of the insurance policy limiting the insurer's liability are not ambiguous and, given their most liberal construction, are not applicable to the facts in the instant action. Accordingly, the defendant's motion for summary judgment is hereby ORDERED GRANTED.