140 Ga. App. 657 (1976)
231 S.E.2d 553
COTTON STATES MUTUAL INSURANCE COMPANY
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.
52902.
Court of Appeals of Georgia.
Argued October 13, 1976.
Decided December 3, 1976.
McClure, Ramsay, Struble & Dickerson, Robert B. *659 Struble, for appellant.
Harvey, Willard & Elliott, E. C. Harvey, Jr., Greene, Buckley, DeRieux & Jones, John D. Jones, Daniel A. Angelo, Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., Neely, Freeman & Hawkins, Albert H. Parnell, for appellee.
QUILLIAN, Presiding Judge.
We granted Cotton States Mutual Insurance Company's application for an interlocutory appeal from a denial of its motion for summary judgment. American Mutual Liability Insurance Company, plaintiff below, brought an action for declaratory judgment against the several named defendants seeking to establish which insurance coverage would be applicable to persons involved in a vehicle collision between its insured, William A. Ryan, and James M. Free, who was insured by Cotton States under a "Family Combination Automobile Policy."
Mr. Free was an employee of the State of Georgia at the Alto Industrial Institute and was in the performance of his duties at the time of the collision. He was the driver of a thirty-two passenger bus  owned by the state. Mr. Ryan was operating a private automobile. Cotton States contends that its policyholder, Mr. Free, was not covered by its insurance policy for this type of accident and moved for summary judgment. It was denied. Cotton States appeals. Held:
1. Insurance liability coverage was extended by Cotton States' policy to "owned" and "non-owned" automobiles. This "school-bus" type, 32 passenger bus, owned by the state, was definitely a "non-owned" automobile. Under the definition section of the policy, the word "automobile" was broadly defined to include land motor vehicles "with four or more wheels," but a "'non-owned automobile' means a private passenger, farm or utility automobile..." A private passenger automobile was limited to "a four-wheel private passenger, station wagon, or jeep type automobile." This was not a "four-wheel" automobile. Neither did it come within the definition of a "farm automobile." "Utility automobile" was defined as a "four-wheel automobile... of the pick-up *658 body, sedan delivery or panel truck type not used for business or commercial purposes." This non-owned vehicle does not come within any of the defined types covered by the policy's extended coverage.
2. Even if the policy coverage could be construed to include this type vehicle, under subsection (i) (2) of the exclusions, insurance coverage of a "non-owned" automobile is not extended to a vehicle used by the insured "while such person is employed or otherwise engaged in ... any other business or occupation of the insured..." Thus, policy coverage would not include use of a non-owned vehicle in the occupation of the insured.
3. "While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. Moore v. Allstate Ins. Co., 108 Ga. App. 60 (1) (131 SE2d 834); Cotton States Mut. Ins. Co. v. Falls, 114 Ga. App. 812, 814 (153 SE2d 811)..." Hawkins Iron &c. Co. v. Continental Ins. Co., 128 Ga. App. 462, 463 (196 SE2d 903).
Where an insurance company seeks to invoke an exclusion contained in its policy, it has the burden of showing that the exclusion exists and the facts of the case come within it. Nationwide Mut. Fire Ins. Co. v. Collins, 136 Ga. App. 671, 677 (222 SE2d 828). Cotton States has met its burden. The contract terms are unambiguous; the exclusion exists; the facts establish the exception; thus the trial court should have granted its motion for summary judgment. Glaze v. Southeastern Fidelity Ins. Co., 125 Ga. App. 534, 536 (188 SE2d 276); Ranger Ins. Co. v. Columbus-Muscogee Aviation, 130 Ga. App. 742, 745 (4) (204 SE2d 474); Showers v. Allstate Ins. Co., 136 Ga. App. 792, 793 (222 SE2d 198).
Judgment reversed. Marshall and McMurray, JJ., concur.