*Nall, Miller & Cadenhead, David G. Crockett,* for appellee.

## 53154. MILLER, STEVENSON & STEINICHEN, INC. v. AMERICAN EMPLOYERS INSURANCE COMPANY.

STOLZ, Judge.

The appellant, an engineering firm, sued the appellee, an insurance company, to recover the value of engineering documents which were stolen. The appellant claimed that the papers were covered under an insurance policy which it had purchased from the appellee. The trial court granted a motion by the appellee-insurance company for summary judgment, from which order the appellant appeals.

Mr. Timmerman, an employee of the appellant, was scheduled to take the professional papers in issue from Atlanta to Dawson, Georgia, on December 20, 1974. To avoid making an out-of-the-way trip to his office to pick up the documents, he took them home from work with him on December 19, intending to leave directly for Dawson the

next morning. Because of the bulk of the papers, he left them in his car overnight. That evening, Timmerman's automobile was stolen, the thieves not taking the time to empty the vehicle's contents before departing. To date, neither the car nor the documents have been recovered.

The appellant's insurance policy covers valuable papers only while contained in the appellant's office or "while the valuable papers and records are being conveyed outside the [appellant's office] and while temporarily within other premises, except for storage." The trial court held that the policy did not cover the theft involved because the property "was not being conveyed or within the employee's premises, but at the time of the loss was in storage. . ." Therefore, summary judgment was granted for the appellee.

We find the case sub judice to be controlled by *Hawkins Iron &c. Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (1) (196 SE2d 903) (1973), in which a similarly worded insurance contract was held not to insure money while kept overnight in the glove compartment of the parked car of an employee. The court in *Hawkins* held that such money was in storage — it was not en route to anywhere. We can not accept the appellant's attempt to distinguish *Hawkins* from the instant case on the basis that *Hawkins* dealt with money while the case sub judice deals with other valuable papers. Both of these cases turn on the fact that items kept overnight in a person's parked automobile are in temporary storage — as a matter of law they are not in the process of being conveyed.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 16, 1977 —

*Horton & Crim, Candler Crim, Jr.,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, Kenneth L. Millwood,* for appellee.