### 53369. CITY OF ALBANY v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

Shulman, Judge.
This is an appeal from the grant of summary judgment in favor of Hartford Accident & Indemnity Company, plaintiff in an action for declaratory judgment, against the City of Albany and two other defendants. Only the City of Albany brings this appeal. The action arose out of two suits filed against the city for damages for injury to and the wrongful death of a motorist on the city's streets. The gravamen of those actions is that the city

failed to maintain a particular street in a safe condition and that the dangerous condition of the street resulted in the wrongful death. The city asked its insurer, the appellee herein, to defend the actions. Instead of answering the complaints Hartford brought an action for declaratory judgment against the city and the plaintiff in each of the two underlying suits seeking a declaration that the city was afforded no coverage under the policy of insurance with respect to the collision and injuries received and that the insurer was not obligated to either defend the underlying actions or pay any judgments rendered therein. After a hearing the court granted Hartford's motion for summary judgment.

The policy of insurance issued to the city provides coverage for street cleaning, "including snow removal from streets and highways and the ownership, maintenance and use of teams." Because the slick condition of the street in question was unsuccessfully sought to be remedied by the city, it is the city's contention that there is coverage for injuries resulting from its negligence in leaving the street in a dangerous condition. The policy contains, however, an endorsement modifying the provisions of the Comprehensive General Liability Insurance, which reads "It is agreed that the Insurance does not apply to the existence of any defect in, or failure to repair or maintain in a safe condition, any highway, road, street or sidewalk."

In *Ranger Ins. Co. v. Columbus-Muscogee Aviation, Inc.*, 130 Ga. App. 742 (204 SE2d 474), this court dealt with the construction of an exclusionary endorsement to a liability insurance policy. In reversing summary judgment for the insured and directing entry of judgment for the insurer, we held that the rules of construction favoring an insured "do not come into force until an ambiguity exists." P. 743. " 'While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed *reasonably and in its* entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. *Moore v. Allstate Ins. Co.*, 108 Ga. App. 60 (1) (11 SE2d 834); *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812, 814 (152 SE2d 817) and cit.;

Code Ann. § 56-2419 (Ga. L. 1960, pp. 289, 667).' *Hawkins Iron v. Continental Ins. Co.,* 128 Ga. App. 462, 463 (196 SE2d 903). (Emphasis supplied.)" Id., p. 745.

Unambiguous exclusionary clauses were also upheld by this court in *American Motorists Ins. Co. v. Vermont,* 115 Ga. App. 663, 664 (155 SE2d 675), where we held that "Where the terms of an insurance policy are plain and unambiguous, the courts have no right to enlarge the contract or to make it more beneficial by construction, but must carry out the intention of the parties as expressed by the literal terms of the policy taken in their usual and ordinary meaning."

We do not find any conflict between the two policy provisions relied on by the parties, nor do we find them ambiguous. The endorsement limiting coverage clearly excludes occurrences arising out of the insured's failure to maintain streets in a safe condition, and the actions against the city are premised on such a failure by the city. Neither the pleadings nor the facts indicate that the dangerous condition of the street was either created or caused by any action of the city in its street-cleaning duties, or that the injury arose out of any negligence by the city in cleaning the street. Because the occurrence for which the city was sued falls within the plain and unambiguous language of the exclusionary endorsement the trial court did not err in granting summary judgment for the insurer.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 15, 1977 —

*James V. Davis,* for appellant.
*Perry, Walters, Lippitt & Custer, Jesse W. Walters, Robert E. Baynard,* for appellees.