## 32194. MILLER, STEVENSON & STEINICHEN, INC. v. AMERICAN EMPLOYERS INSURANCE COMPANY.

NICHOLS, Chief Justice.

This case involves the interpretation of a messenger-theft provision in an insurance policy rider for coverage of valuable papers. The rider provides coverage "while the valuable papers and records are being conveyed outside [the insured's premises] and while temporarily within other premises, except for storage." The appellant appealed to the Court of Appeals from a grant of summary judgment in favor of the appellee-insurance company. The Court of Appeals (141 Ga. App. 292 (233 SE2d 226) (1977) citing *Hawkins Iron &c. Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (1) (196 SE2d 903) (1973)) found that the appellant's valuable papers were in "storage."

To avoid having to make an out-of-way trip to his office, appellant's employee loaded the valuable papers (engineering plans) in his automobile on the eve of the morning he was to depart Atlanta for Dawson, Georgia, on business. Due to the bulk of the engineering plans, the appellant's employee decided to leave them in his car which he parked at his residence for five hours overnight.

The interpretation by the Court of Appeals of the word "storage" is too broad. Leaving engineering plans in an automobile parked at a residence for five hours overnight in order to avoid an out-of-way trip back to the office is definitely not "storage" within the ordinary, connotative sense of the word.

Appellee's reliance on *Hawkins Iron &c. Co. v.*

*Continental Ins. Co.,* supra (citing *Atlanta Tallow Co. v. Fireman's Fund Ins. Co.,* 119 Ga. App. 430 (167 SE2d 361) (1969)), and on *Cleveland Ave. Liquor Store v. Home Ins. Co.,* 115 Ga. App. 864 (156 SE2d 202) (1967), is misplaced. Those cases involved the construction of provisions covering losses of money and securities while conveyed by messengers. The provision in the case sub judice specifically excludes money and securities from its scope. While the character of the property covered does not in itself determine if the property is "in storage," it is certainly relevant in any inquiry into whether in everyday activity property should have not left the messenger's immediate custody, for storage or otherwise. Obviously, money left in a plastic zip-up bag on the front seat of an automobile during a lunch break (*Cleveland Ave. Liquor Store*) has left the messenger's immediate custody.

An insured should provide more protection for property valuable to the public at large, such as money and securities, than he would for property which is only valuable to himself. "[T]he standard to be applied must be determined by taking into account the nature of the property being conveyed and the attendant circumstances." *Cleveland Ave. Liquor Store,* supra, p. 867.

The common, everyday connotation of the word "storage" does not include the set of facts now before us. An opinion affirming the summary judgment for appellee would require a tortured interpretation of "in storage," resulting in an abrogration of the intent of the parties and a great injustice to the insured. In the absence of clear and unambiguous policy provisions, insurance policies are to be construed in favor of the insured. *Massachusetts Ben. Life Assn. v. Robinson,* 104 Ga. 256 (2) (30 SE 918).

Accordingly, the judgment of the Court of Appeals affirming the grant of a summary judgment for the insurer is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 9, 1977 — DECIDED
MAY 25, 1977.

*Candler Crim, Jr.,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Kenneth L. Millwood,* for appellee.