## 55073. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WASHINGTON.

McMURRAY, Judge.

A retail women's apparel shop located in a neighborhood shopping center in Griffin, Georgia sustained smoke damage as a result of the improperly vented bakery oven of a nearby bakery located in the same shopping center. The owner of the dress shop filed a claim for smoke damage which was denied by the insurer.

Renee Washington, d/b/a Renee's, sued the defendant, Georgia Farm Bureau Mutual Insurance Company, for the amount of her loss, including damages and attorney fees pursuant to Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712). Defendant answered, denying the complaint, although admitting jurisdiction and the existence of the policy. After discovery both parties moved for summary judgment, and the trial court in its final order stated that the case was based on

undisputed facts that the damage was caused to plaintiff by smoke from a faulty vent in an oven of an adjacent bakery establishment which bakes and retails its baked goods on the premises and that the sole issue for determination is whether or not the baking establishment is an "industrial operation" in the meaning of the exclusion in defendant's policy. The policy insured damage caused by "[s]udden and accidental damage from smoke, other than smoke from agricultural smudging or industrial operation." The court held that exceptions and exclusions must be taken more strongly against the insurer, citing *Ga. Farm Bureau Mut. Ins. Co. v. Coleman,* 121 Ga. App. 510 (174 SE2d 351). It was further held that the test was not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean, that is, a layman's reading it and not as it might be analyzed by an insurance expert or an attorney, citing *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 675 (222 SE2d 828), and, that if the terms are clear and unambiguous the same are to be taken and understood in their plain, ordinary and popular sense.

Defendant's motion for summary judgment was denied. Plaintiff's motion for summary judgment was granted, that is, the term "industrial operation" as used in the insurance policy in question was held not to include a small neighborhood type bakery shop, and the term smoke damage under the perils insured against shall include the smoke damage from the improperly vented bakery oven when smoke found its way into the plaintiff's store and permeated her inventory, and the court construed coverage by the policy. Defendant appeals. *Held:*

Under the undisputed issue of facts before the court there was smoke damage to plaintiff's property which was covered by the policy, albeit sudden and accidental damage from smoke from industrial operations is not covered. The trial court did not err in construing the term industrial operations not to include a small neighborhood bakery under the reasonable meaning of the term "industry" as found in Webster's New International Dictionary (2d Ed.). See *Southern Guaranty Ins. Co. v. Duncan,* 131 Ga. App. 761, 764 (2) (206 SE2d 672);

*Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 677, supra; *State Farm Fire &c. Co. v. Rowland,* 111 Ga. App. 743 (143 SE2d 193).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 11, 1978—DECIDED MARCH 9, 1978.

*Bridges & Connell, Alan W. Connell,* for appellant.
*Carlisle & Newton, John R. Carlisle,* for appellee.