58808. SALMON v. COMMERCIAL UNION INSURANCE
COMPANY et al.
58809. HAMILTON v. COMMERCIAL UNION INSURANCE
COMPANY et al.

SOGNIER, Judge.

Appellant Salmon had homeowners insurance coverage on his residence, which included a barn and pasture, with appellee Commercial Union Insurance Company. Hamilton boarded a horse at Salmon's barn and pasture for $25 per month. The horse escaped, was struck by a truck and killed. Hamilton sued the truck owner and Salmon for negligence seeking to recover the value of the horse.

Commercial Union filed answers for Salmon under a reservation of rights and sought declaratory judgment. Hamilton admitted paying $25 a month rent but Salmon denied this in his answer. Salmon thereafter in his deposition admitted receiving the $25 per month to let Hamilton keep his horse in the pasture. The trial court granted summary judgment in favor of appellee Commercial Union. We sustain this judgment.

Appellants contend a question of fact existed as to whether the arrangement between Hamilton and Salmon constituted a rental. The facts are certain and the only task for the court was an interpretation of the legal effect of these facts. The policy of insurance contained an exclusion for personal liability arising out of a rental of the premises, as follows: "Coverage E - personal liability does not apply to bodily injury or property damage: . . . b. arising out of business pursuits of any insured or the *rental* or holding for rental of any part of any premises by any insured." (Emphasis supplied.)

This court has held on numerous occasions that Webster's New International Dictionary may be used to supply the plain, ordinary and popular sense meanings of words with regard to the construction of insurance policies. *Badger Mutual Ins. Co. v. Hancock,* 116 Ga. App. 262 (157 SE2d 58) (1967); *Georgia Farm &c. Ins. Co. v. Washington,* 145 Ga. App. 216 (243 SE2d 639) (1978). Webster's New International Dictionary defines *rent* as follows: "The return made by the tenant or occupant of land . . . to the owner for the use thereof . . . commonly, *a certain pecuniary sum agreed upon between a tenant and his landlord, and paid at fixed intervals by the tenant to the landlord, for the use of land or its appendages* . . ." (Emphasis supplied.)

Certainly the agreement between Hamilton and Salmon is a rental of the premises calling into effect this exclusion. As this exclusion is reasonable, coverage under the insurance policy

cannot be extended beyond its plain terms. *Showers v. Allstate Ins. Co.,* 136 Ga. App. 792, 793 (222 SE2d 198) (1975). Accord, *Cotton States Mut. Ins. Co. v. American Mut. Liab. Ins. Co.,* 140 Ga. App. 657, 658 (231 SE2d 553) (1976).

The other contention of the appellant pertains to an exclusion where the insured has the care of property of another. We need not discuss this as the exclusion discussed above is controlling.

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted October 30, 1979 — Decided February 27, 1980 — Rehearing denied March 17, 1980 in Case No. 58808 —

*Robert K. Finnell,* for appellant.

*William W. Byington, Jr., Wade Monk, J. Clinton Sumner,* for appellees.