72780. SMITH v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.
(352 SE2d 407)

BEASLEY, Judge.

Plaintiff sought no-fault benefits under an insurance policy issued by Southeastern, for the death of her husband. After discovery, Southeastern moved for summary judgment on the basis that Smith's death was not the result of his operation, use or maintenance of a motor vehicle; that Southeastern paid plaintiff $5,000 basic PIP and Smith had declined "optional" PIP under OCGA § 33-34-5; that there was an endorsement to the policy excluding coverage under the instant circumstances; that prompt notice of the accident and proof of claim was not furnished by plaintiff as required by the policy.

The trial court found as fact: On October 9, 1981, J. L. Smith was driving a tractor trailer for Bowman Transportation Company near Ruston, Louisiana, when the truck's right front tire blew out causing the vehicle to swerve into a ditch; upon stopping the load shifted and the truck overturned. Smith did not think he was hurt and sought no medical attention. Bowman laid Smith off while investigating the incident. During this time while visiting his mother, Smith discovered he could not walk back home. He was admitted to the hospital when it was discovered he had no pulse in his leg. Smith

had a history of chronic pulmonary congestion, dyspnea and disease as well as an aortofemoral by-pass graft in 1977. Another aortofemoral by-pass was performed on October 17, 1981. He suffered complications, including pneumonia, resulting in his death on November 25. The death certificate listed his cause of death as "pneumonia, chronic obstructive pulmonary disease and complication subsequent to post-operative aortofemoral by-pass surgery."

Southeastern provided Smith with automobile insurance on three privately owned vehicles, none of which was involved in the incident on October 9.

The trial court sustained the motion on the grounds that Smith's death was not the result of an "insured event," that Smith had rejected optional PIP, that the policy excluded coverage under the circumstances and that plaintiff failed to provide timely notice as required. Concluding there was no coverage, the court also concluded there was no basis for bad faith penalties.

The policy's exclusion endorsement furnishes the only necessary basis for affirming the judgment below. Styled "Wholesale and Retail Delivery Endorsement," it reads: "In consideration of the premium charged, insurance is not afforded by this policy: (a) when a vehicle is being driven, operated or manipulated by any person who is driving, operating or manipulating for wholesale or retail transport or delivery of goods, merchandise, or other materials in connection with any business or enterprise."

Although we refer to the Code of 1982 for citations, the law which we apply is that applicable to the time of the incident in 1981.

Plaintiff contends the exclusionary provision is contrary to OCGA § 33-34-7 (a) (1) and is therefore unenforceable. That section provides: "(a) The insurer of a motor vehicle with respect to which security is required by Code Section 33-34-4 shall pay basic no-fault benefits without regard to fault for economic loss resulting from: (1) Accidental bodily injury sustained within the United States of America, its territories or possessions, or Canada by the insured and spouse and children if residing in the insured's household and the relatives of either if residents of the insured's household while occupying any motor vehicle or while a pedestrian as the result of being struck by a motor vehicle."

We are also admonished that "[a]ll policies of motor vehicle insurance issued in this state must be in accordance with the requirements of this chapter" and that each policy must contain the premium coverage required. OCGA § 33-34-3 (a) (1). Plaintiff argues that there can be no exclusion of coverage under the no-fault provisions except as provided in OCGA § 33-34-7 (b). In brief, it is contended that every vehicle which the insured drives must be, automatically by virtue of law, covered by the policy so that the attempt to exclude a

vehicle used for business is ineffectual.

Considered in its entirety, we do not interpret the no-fault law so broadly. Two other pertinent provisions interplay. OCGA § 33-34-2 (5) provides a crucial definition: " 'Insured' means, in addition to the insured named in the policy, his spouse and children if residing in the same household, the relatives of either the insured or his spouse if residents of the named insured's household, any pedestrian struck by the insured vehicle, and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse. The term shall also include the named insured, his spouse, and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is not similarly insured as required by paragraph (2) of subsection (a) of Code Section 33-34-4."

OCGA § 33-34-4 commands: "(a) No owner of a motor vehicle required to be registered in this state or any other person, other than a self-insurer as defined in this chapter, shall operate or authorize any other person to operate the motor vehicle unless the owner has insurance on the vehicle providing the following minimum coverage: . . ." The two coverages therein compelled are (1) liability equivalent to that required by this state's motor vehicle safety responsibility laws and (2) PIP with a minimum of $5,000.

As can be readily observed, no-fault is primarily devoted to coverage of an insured and an owned vehicle. Insureds are listed to include the named insured and his household, those occupying the insured vehicle and pedestrians struck by it. There are exceptions: any "insured" who while a pedestrian is struck by a motor vehicle, and any "insured" who is occupying or is struck by a vehicle which lacks PIP coverage. Other than OCGA § 33-34-7 (a) (1) there is nothing to imply that an insured must be covered while occupying a non-owned vehicle for a business use purpose.

In our view when read in conjunction with the remainder of the chapter, that code section does not require such a result. It merely provides that PIP benefits be furnished by the insurer of a motor vehicle to which security is required by OCGA § 33-34-4. Thus the language of subsection (a) (1) "while occupying any motor vehicle" refers to the "motor vehicle" described in the beginning of section (a). We will not read into it a legislative intent to impose on personal automobile insurers, over their contract right objection, a statutory liability for business-owned and operated vehicles, otherwise insured.

If the legislature had intended that any "insured" would be covered while occupying any "motor vehicle," no matter whose and no matter whether that vehicle was insured, then the language contained in the second sentence of OCGA § 33-34-2 (5) is superfluous. Why would it be necessary to describe an "insured" as one occupying a

vehicle not covered by no-fault if one were also an "insured" when occupying any vehicle, covered or not?

There has never been any foundation predicated on public policy to prevent distinctions between business use and personal use. See *American Cas. Co. v. Fisher*, 195 Ga. 136 (23 SE2d 395) (1942); 7 AmJur2d 536, 803, Auto. Ins., §§ 89 and 243. Prior to or apart from no-fault, this court has permitted exclusion of individuals, *Glaze v. Southeastern &c. Ins. Co.*, 125 Ga. App. 534, 535 (188 SE2d 276) (1972), and non-owned vehicles, *Cotton States Mut. Ins. Co. v. American Mut. Ins. Co.*, 140 Ga. App. 657 (231 SE2d 553) (1976), as well as limitations of coverage, *Showers v. Allstate Ins. Co.*, 136 Ga. App. 792 (222 SE2d 198) (1975).

Plaintiff argues that *State Farm Mut. Auto. Ins. Co. v. Landskroener*, 150 Ga. App. 308 (257 SE2d 376) (1979) controls by proclaiming the supremacy of the statute over any policy exclusion to the contrary. In *Landskroener* the non-owned automobile the insured was driving was uninsured. Thus it fell squarely within OCGA § 33-34-2 (5) which compels coverage in such circumstances. The policy, of course, could not deny coverage as against the statutory edict.

Since the passage of the Motor Vehicle Accident Reparations Act this court has continued to recognize the efficacy of exclusions, such as for non-owned vehicles furnished or available for regular use by an insured, *Mattox v. Cotton States Mut. Ins. Co.*, 156 Ga. App. 655, 657 (275 SE2d 667) (1980), for a business use by a named individual, *Patterson v. Commercial Union Ins. Co.*, 151 Ga. App. 86, 87 (258 SE2d 748) (1979), and for business or commercial use of a vehicle with over 1,500 pounds load capacity, *Gilly's Sausage Co. v. Cotton States Mut. Ins. Co.*, 165 Ga. App. 105 (299 SE2d 413) (1983).

Having found no statutory prohibition nor any basis in public policy for voiding the exclusion, compare *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), we find it to be a valid exercise of an insurer's prerogative to insure against only those risks it chooses. The insured was clearly notified that the policy did not cover his job-related activities in a non-owned vehicle. If he had desired more extensive coverage then he had the option of acquiring it for a higher premium or obtaining another policy. The instant insurance contract is governed by the well-established principle that the parties may freely make their own contracts within prescribed bounds of the law and this court will not rewrite or change the terms to extend coverage. *Standard Guaranty Ins. Co. v. Davis*, 145 Ga. App. 147, 151 (243 SE2d 531) (1978).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

ON MOTION FOR REHEARING.

Appellant/movant contends deceased was driving an uninsured vehicle predicated on the basis that the tractor trailer was owned by an Alabama corporation and had Alabama tags. It is therefore argued that *Landskroener, supra,* controls. We note, however, that there was no proof showing that the tractor trailer was not similarly insured as required by OCGA § 33-34-4 (a) (2).

Here the insurance carrier relied upon its provision excluding coverage. Where the moving party establishes a prima facie showing that no genuine issue of fact exists, the opposite party must come forward with rebuttal evidence at that time or suffer adverse judgment. *State Farm Mut. Auto. Ins. Co. v. Smith,* 245 Ga. 654, 655 (266 SE2d 505) (1980).

*Motion denied.*

DECIDED DECEMBER 2, 1986 —
REHEARING DENIED DECEMBER 18, 1986 — ▮▮▮▮▮▮

*Gerry E. Holmes,* for appellant.
*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellee.